United States Of America Article III Constitutional Court
for the United States District Court In The Southern
District Court Of New York

RECEIVED
SDNY PRO SE OFFICE
2019 JUN 24  AM 10: 19
S.D. OF N.Y.

_____

Robert Simon,

                     Plaintiff,

-against-

**19 CV 5890**

**JURY TRIAL DEMANDED**

**VERIFIED COMPLAINT
FOR DECLARATORY
AND INJUNCTIVE
RELIEF AND DAMAGES
FROM RACKETEERING,
CONSPIRACY
TO ENGAGE IN A
PATTERN OF
RACKETEERING
ACTIVITY,
AND RELATED CLAIMS.**

Manhattan Mini Storage, LLC,

Edison Properties, LLC

Jerry Gottesman, or successor,

Andy Gottesman, or successor of Gottesman
 Real Estate Partners,

Sperber, Denenberg, Kahan, PC,

New York Common Pantry,

Stephen Grimaldi, New York Common Pantry

Neil Bogan, New York Common Pantry

Carolyn Hamrak, New York Common Pantry

Judy Secon, New York Common Pantry

John Doe aka Mr. Welch of New York
Common Pantry

1

John Doe aka Mohammed, cafeteria manager of
New York Common Pantry

Municipal State of New York, State of New York,

New York City Department of Homeless
Services, DHS,

Missionaries of Charity, Queen of Peace Home,

New York State Commissioner of the Department
of Homelessness, .

Kenmore Associates LP/ aka Kenmore Hall,

Bowery Residents' Committee,

McKinney's Shelter/ aka McGuinness Shelter, BRC,

Urban Pathways, Inc.,

Goddard Riverside Community Center,

One City Mission, Director Salvatore Snaiderbaur.

U-Haul aka Amerco

New York Legal Assistance Group Inc.

Municipal State of New York, State of New York

New York State Governor Andrew Cuomo

New York City Mayor Warren Wilhelm, Jr. aka
Bill DeBlasio

New York City Police Commissioner James P.
O'Neill Jr.

NYPD ex-cop, Jose John Doe 1, "Jose,"

NYPD ex-cop, Hector John Doe 2, "Hector"

NYPD officer John Doe 1

NYPD officer John Doe 2

NYPD officer John Doe 3

NYPD officer John Doe 4

New York City Comptroller Scott Stringer

Civil Court of the City of New York,

Judge Carolyn Walker-Diallo

Supreme Court of the City of New York,

Judge Jane Doe, case number 101190-15

United States District Court Southern
District of New York,

Judge Louis L. Stanton

Urban Pathways, Inc. 575 8ᵗʰ Avenue, Floor 16
New York, NY 10018

Frederick Shack, CEO, Urban Pathways, Inc.

Ronald Abad, COO, Urban Pathways, Inc.
Robert McPhillips, CFO, Urban Pathways, Inc.

Andrea Harnett-Robinson, Deputy Director, Urban Pathways, Inc.

Lisa Lombardi, Deputy Director, Urban Pathways, Inc.

Nancy Olecki, Director, Urban Pathways, Inc.

Nancy Crystal, Director Human Resources, Urban Pathways, Inc.

Ariana Saunders, Urban Pathways, Inc.

Andrew Brodsky, Urban Pathways, Inc.

Nicole Bramstedt, Esq., Urban Pathways, Inc.

Sirio Flores, Urban Pathways, Inc.

                                    Defendants.
_____X

INTRODUCTION

<u>In his 1845 memoir, Life of Frederick Douglass,</u>

<u>"Some know the value of education by having it. I know its value by not having it."</u>

1.      This is a complex of remedies for civil action for RICO, federal and States Court In New York States, violated pro se Procedural Due Process Rights of Pro Se Civil Litigants, committing fraud upon the Supreme Court Article III Constitution and Congress Constitution, fraud upon the Federal and State legislative statutes and acts, Fraud upon the Courts, and violation of their corporate charter and bylaws, authorized by the Fourteenth Amendment, the First Amendment, the Ninth Amendment, through the Fourteenth Amendment of the Constitution for the United States of America, and the federal statutes, deprivation of fundamental Rights; conspiracy to deprive fundamental Rights; conspiracy to overthrow lawful Authorities of the Supreme Court Article III Constitution and Congress Constitution, the Federal and State legislative statutes and acts,  at 18 U.S.C. 1986 *et seq.*;  for damages for sanction treble damage of 60 Million Dollars for fraud upon the court, punitive damage of 10 Billion for fraud upon the Constitution for the United States of America, and fraud upon the New York State Constitution, for abusive of process damage 10 Billion Dollar, Malicious prosecution damage 10 Billion Dollars, treble damages of 10 Billion Dollar for breach of contract/ occupancy lease agreements, for compensatory damage of 10 Billion Dollar, for violation of constitutional due process protection under the 14th Amendment. (US Const 14th Amend; NY Const, art I, Sec. 6; and the 14th Amendment Equal protection of the laws for 10 billion Dollar for damage, Federal and State Civil Rights Laws 42 U.S.C. Section 1983 violation for 10 billion dollar, Liquidated damages of 10 billion, violation Americans With Disabilities Act (ADA). Pub. L. No. 101-336, 104 Stat. 327

(1990) (codified at 42 U.S.C. Section 12101-12213 (1994)), Under N.Y. Exec. Law Section 296(2)(c)(i), under the ADA Acts, Title II of the ADA provides that "no qualified individual with a Disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. Section 12132; Title VII, of the Americans with Disabilities Act., for 10 Billion Dollar for damages, Monetary Relief of 10 billion dollar damage, invidious discrimination of 10 billion, for illegal lockout, illegal eviction, self-help eviction treble damage of 10 Billion Dollar, treble damage of 10 Billion Dollar for frauds involving use of the mail and wire, in violation of Title 18, United States Code, Sections 1341 and 1343, 18 U.S. Section 1342, 18 U.S. Section 1346, 18 U.S. Section 1001, 18 U.S. Section 1002, 18 U.S. Section 1031, 18 U.S. Section 1037, 18 U.S. Section 1038, 18 U.S. Section 1016, 18 U.S. Section 1509 and 18 U.S. Section 1511, 18 U.S. Section 371 Civil RICO Section 1962 and 1964(c) treble damage of 10 billion dollar for frauds, and conspire with the New York City Police officers John Doe #1 through #6, New York City Police commissioner, New York City mayor and New York City and the State of New York to violated Federal and State Civil Rights an constitutional due process protection under the 14th Amendment. (US Const 14th Amend; NY Const, art I, Sec. 6; and the 14th Amendment Equal Protection of the laws not to permit respondent tenant Robert Simon access on March 26, 2018, to his Storage unit/space No. 407-04-03-036, for 10 billion damage, deprived respondent of the opportunity to present his claim or defense to the court; kept respondent at ignorant, from attorneys own negligence, fraudulently prevented respondent from fully participating in the proceeding and concealment of the existence of a Judgment and a warrant, failure to give notice of the action to the respondent, and convincing the respondent not to obtain counsel because the matter will not proceed (and then it does proceed), preventing the respondent

from having his day in court, damage of 20 billion dollar, injunction relief damages 20 billion, declaratory damage relief of 20 billion and such further relief as the Court may find to be just and proper and equitable. See, Brown v. Brown, 58 N.Y. 609 (1874); See, Precision Instrument Mfg. Co. v. Automotive Maintenance Mach. Co., 324 U.S.806, 814-15 (1945); In Rose v. Wood 70 N.Y. 8. See, e.g., 27A Am. Jur. 2d, Equity Sections 119, 126 (1996), which have occasioned this Initial COMPLAINT. See 18 U.S.C. §§ 1964 (c) (a) and (c) ("Civil RICO")and (First Amendment, fourth Amendment, fifth Amendment, Sixth Amendment, 7 Amendment 8 Amendment, the Ninth Amendment, through the Fourteenth Amendment of the Constitution for the United States of America, secured under the civil rights sections 1983, 1985, 1986). Furthermore, on or about January 27, 2019, at Queen of Peace Home, located 344 East 146 Street, Bronx, New York, 10451, I was ordered by a sister "Jane Doe" at the prayer room, to sit in a specific broken chair. That chair collapsed and reinjured lumbar discs 3, 4, 5, the same discs that were initially injured due to a police brutality incident on or about the year of 1983. Sister "Jane Doe" willfully, knowingly, intentionally, recklessly violated plaintiffs civil and constitutional rights and caused further injury and pain and suffering and discomfort to said lumbar discs. The court case arising from the police brutality incident is still pending. Plaintiff Robert Simon is seeking for remedy of reinjury of aforementioned discs   40 Billion Dallols from the City of New York.

2.     The primary cause of this action is the aforementioned above and below herein, fraud upon the Supreme Court Article III Constitution and Congress Constitution and their corporate charter and bylaw, deprivation of fundamental Rights; conspiracy to deprive fundamental Rights; conspiracy to overthrow lawful Authorities of the Supreme Court Article III Constitution and Congress Constitution, the Federal and State legislative statutes and acts, and through a widespread criminal *enterprise* evasion of a Constitutional mandate, *the Federal and*

*States Laws,* engaged in a *pattern of racketeering activity* across State lines, and a conspiracy to engage in *racketeering activity* involving numerous RICO predicate acts during the past ten (10) calendar years.

3.    The predicate acts alleged here cluster around the aforementioned above and below herein,  fraud, breach of contract, and a violation of the federal Racketeer Influenced and Corrupt Organization Act ("RICO"), fraud upon the Supreme Court Article III Constitution, Congress Constitution, Federal and State legislative statutes and acts, obstruction of justice, obstruction of criminal procedure and process, obstruction of criminal and Civil Federal and State law and local law.  See 18 U.S.C. §§ 1512, 1513, 1503, 2315 1510, and 1511 respectively.

4.    Other RICO predicate acts, although *appearing* to be isolated events, were actually part of the overall conspiracy and *pattern of racketeering activity* alleged herein, *e.g.* mail fraud and wire fraud.  See 18 U.S.C. §§ 1341 and 1343, respectively.

5.    The primary objective of the racketeering *enterprise* has been to committed violation of criminal and Civil Federal and State law and local law fraud upon the Supreme Court Article III Constitution and Congress Constitution, fraud upon the Federal and State legislative statutes and acts, Fraud upon the Courts, and violated of their corporate charter and bylaws, deprivation of fundamental Rights; conspiracy to deprive fundamental Rights; conspiracy to overthrow lawful Authorities of the Supreme Court Article III Constitution and Congress Constitution, the Federal and State legislative statutes and acts, and  inflict severe and sustained economic hardship upon Plaintiff, with the intent of impairing, obstructing, preventing and discouraging Plaintiff from exercising his Constitutional rights, First Amendment, fourth Amendment, fifth Amendment, Sixth Amendment, 7 Amendment 8 Amendment, the Ninth Amendment, through the Fourteenth Amendment of the Constitution for the United States of

America, secured under the civil rights sections 1983, 1985, 1986and privileges and immunity and Federal and State statutory rights. That attached hereto verified complaint for declaratory and injunctive relief and damages from racketeering, conspiracy to engage in a pattern of racketeering activity, and related claims, as, attached herein,

5.    Moreover, attached herein, is incorporated Exhibit "1"; Improper 21 Day Termination Notice. Exhibit "2"; Civil Court Order to Access Storage from illegal lockout from 7 AM to 10 PM, dated May 25, 2018; Exhibit "3", Felony Second Void Order of Incompetent Judge Carolyn Walker-Diallo in violation of Article III of the Constitution for the United States in Incompetent lower Civil Court without Article III Attributes, dated June 19, 2018; Exhibit "4", Notice of Claim, dated June 26, 2018, transcript of New York Police Department officers indicating fraud attached, transcript of Manhattan Mini Storage, LLC Manager Tommy Garcia attached; Exhibit "5", Federal Bureau Investigation Complaint Form of 5 pages, Notice of Appeal of 1 page, Judge Stanton Court Order; Exhibit "6", United States Court of Appeals, Second Circuit, improper dismissal appeal; Exhibit "7", Notice of Appeal/Docketing Fee, For: Robert Simon, $505.00; Exhibit "8", US Court of Appeals for the Second Circuit, Motion to Reinstate Appeal; Exhibit "9", Court of Appeals, 2nd Circuit Docket Sheet; Exhibit "10", US District Court, Southern District of New York Docket Sheet, Exhibit "11", NYC E-Courts, 101190-15, Simon, Robert v. NYC Department of Homeless Services, "E-File", containing several predicated acts, for declaratory and injunctive relief and damages from racketeering, conspiracy to engage in a pattern of racketeering activity, and related claims.

Jurisdiction

6.    This action arises under the laws of the United States, Pursuant to 28 U.S.C. § 1331, the authority *in* Tafflin v. Levitt, 493 U.S. 455, 458 (1990) (holding state and federal courts have

concurrent jurisdiction over claims arising under 28 U.S.C. § 1964(c)); Reisner v. Stoller, **51** F. Supp. 2d 430, 451 n.26 (S.D.N.Y. 1999)(same); this honorable Article III Court has original jurisdiction pursuant to Article III of the Constitution, Fourteenth Amendment, the First Amendment, the Ninth Amendment, through the Fourteenth Amendment of the Constitution for the United States of America for Civil Constitutional remedies, remedies for violations of Americans with Disabilities Act 1990; civil rights sections 1983, 1985, 1986, and defendant have waived their solvent immunity and 11 Amendment immunity, RICO remedies at <u>18 U.S.C. 1964</u>, and this District Court has continuing supplemental jurisdiction under 28 U.S.C. § 1367(a). See, Northern Pipeline v. Marathon Pipe Line 458 U.S. 50 (1982), Marbury v. Madison 5 U.S. 137 (1803); Osborn v. Bank of the United States, 22 U.S. 738 (1824); Martin v. Hunter's Lessee, 14 U.S. 304 (1816); United States v. Hudson and Goodwin, 11 U.S. 32 (1812).

Subjection Matter Jurisdiction

7.     This Court have Subjection Matter Jurisdiction pursuant to 28 U.S.C. § 1331, because fraud, breach of contract, and a violation of the federal Racketeer Influenced and Corrupt Organization Act ("RICO") 18 U.S.C. Section 1964(c) and 18 U.S.C. Section 1964 . 9; the fraud upon the Supreme Court Article III Constitution and Congress Constitution and violation of their corporate charter and bylaws arises under the laws of the United States, and defendant have waived their solvent immunity and 11 Amendment immunity, the authority in Reves v. Ernst & Young, 507 U.S. 170, 183 (1993) (relying on Congress's intent to construe RICO broadly to resolve ambiguities); H.J., Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 248-49 (1989) (reiterating RICO was broadly written to encompass wide range of criminal activity; thus, narrow construction of the pattern element would be contrary to congressional intent), and violations of Americans with Disabilities Act 1990; discriminated against Plaintiff Robert Simon, based on disability, in violation of the Fair Housing Act (Act), 42 U.S.C. §§ 3601-19. See, Cohens v. VIRGINIA, 19 U.S. (6 Wheat.) 264, 404-05 (1821); Fletcher v. Peck 10 U.S. 87 (1810); Trustees of Dartmouth College v. Woodward 17 U.S. 518, (1819) and Gibbons v. Ogden, 22 U.S. 738, (1824).

Venue

8.     Venue is proper in this District under 28 U.S.C. § 1391 (a)–(d) because, inter alia, substantial parts of the events or omissions giving rise to the claim occurred in the District and/or a substantial part of property that is the subject of the action is situated in the District.

Amount In Controversy

9.    The aggregate amount in controversy exceeds the jurisdictional amount or $75,000; and this Court also has subject matter jurisdiction over Plaintiffs.

10.    Plaintiff Robert Simon pro se, is Citizen of the State of New York, received its mail at 1280 East Fifth Avenue, Apartment 8D, New York, NY 10029.

11.    Defendant: Manhattan Mini Storage, LLC, New York, NY_____.

12.    Defendant: Edison Properties, LLC, 110 Edison Place, Suite 300, Newark, New Jersey 07102.

13.    Defendant: Jerry Gottesman, or successor, 110 Edison Place, Suite 300, Newark, New Jersey 07102.

14.    Defendant: Andy Gottesman, or successor of Gottesman Real Estate Partners, 220 South Orange Avenue, Suite 103, Livingston, New Jersey, 07039.

15.    Defendant: Sperber, Denenberg, Kahan, PC, 48 West 37 Street, Floor 16, New York, NY, 10018.

16.    Defendant: New York Common Pantry, 8 East 109 Street, New York, NY_____

17.    Defendant: Stephen Grimaldi, New York Common Pantry

18.    Defendant: Neil Bogan, New York Common Pantry

19.    Defendant: Carolyn Hamrak, New York Common Pantry

20.    Defendant: Judy Secon, New York Common Pantry

21.    Defendant: John Doe aka Mr. Welch of New York Common Pantry

22.    Defendant: John Doe aka Mohammed, cafeteria manager of New York Common Pantry

23.    Defendant: Municipal State of New York, State of New York,

Defendant: New York City Department of Homeless Services, DHS, 33 Beaver Street, 17 Floor, New York, NY 10004,

24.    Defendant: Missionaries of Charity, Queen of Peace Home, 344 East 146 Street, Bronx, NY 10451,

25.    Defendant: New York State Commissioner of the Department of Homelessness, .

26.    Defendant: Kenmore Associates LP/ aka Kenmore Hall, 145 E 23rd Street, New York, NY 10010,

27.    Defendant: Bowery Residents' Committee, 121 West 25 Street, New York, NY 10001,

28.    Defendant: McKinney's Shelter/ aka McGuinness Shelter, BRC, Greenpoint, NY

29.    Defendant: Urban Pathways, Inc., 575 8 Avenue, 16 Floor, New York, NY 10018,

30.    Defendant: Goddard Riverside Community Center, 593 Columbus Avenue, New York, NY 10024,

31.    Defendant: One City Mission, 123 West 31 Street, 15 Floor, New York, NY 10001, Director Salvatore Snaiderbaur.

32.    Defendant: U-Haul, aka Amerco, 2727 N Central Avenue, Phoenix, AZ 85004

33.    Defendant: New York Legal Assistance Group Inc. 7 Hanover Square, Floor 18, New York, NY 33.    10004

34.    Defendant: Municipal State of New York, State of New York_____

35.    Defendant: New York State Governor Andrew Cuomo 633 Third Avenue, Floor 38, New York, NY 10017

36.    Defendant: New York City Mayor Warren Wilhelm, Jr. aka Bill DeBlasio 253 Broadway # 10, New York, NY 10007

37.    Defendant: New York City Police Commissioner James P. O'Neill Jr. 1 Police Plaza Path, New York, NY 10007

38.    Defendant: NYPD ex-cop, Jose John Doe 1, "Jose,"

39.    Defendant: NYPD ex-cop, Hector John Doe 2, "Hector"

40.    Defendant: NYPD officer John Doe 1

41.    Defendant: NYPD officer John Doe 2

42.    Defendant: NYPD officer John Doe 3

43.    Defendant: NYPD officer John Doe 4

44.    Defendant: New York City Comptroller Scott Stringer 1 Centre Street, #530, New York, NY 10007

45.    Defendant: Civil Court of the City of New York, 111 Centre Street, New York, NY 10013

46.    Defendant: Judge Carolyn Walker-Diallo

47.    Defendant: Supreme Court of the City of New York, 60 Centre Street, New York, NY 10007

48.    Defendant: Judge Jane Doe, case number 101190-15

49.    Defendant: United States District Court Southern District of New York, 500 Pearl Street, New York, NY 10007

50.    Defendant: Judge Louis L. Stanton

51.    Urban Pathways, Inc., 575 8th Avenue, Floor 16 New York, NY 10018

52.    Frederick Shack, CEO, Urban Pathways, Inc.

53.    Ronald Abad, COO, Urban Pathways, Inc.

54.    Robert McPhillips, CFO, Urban Pathways, Inc.

55.    Andrea Harnett-Robinson, Deputy Director, Urban Pathways, Inc.

56.    Lisa Lombardi, Deputy Director, Urban Pathways, Inc.

57.    Nancy Olecki, Director, Urban Pathways, Inc.

58.    Nancy Crystal, Director HR, Urban Pathways, Inc.

59.    Ariana Saunders, Urban Pathways, Inc.

60.    Andrew Brodsky, Urban Pathways, Inc.

61.    Nicole Bramstedt, Esq., Urban Pathways, Inc.

62.    Sirio Flores, Urban Pathways, Inc.

Oliver Cromwell: " A few honest men are better than numbers."

## **PROCEDURAL HISTORY**

53.    On or about June 30, 2018 A.D., Plaintiff  as of Federal Constitutional and Federal Statutes Rights filed a federal Notice of Removal in the District Court of the United States for the Southern Judicial District of New York, in New York, New York, from the Civil Court of the City of New York County of New York NON-HOSING PART. Index No. L&T-056730-18/NY, to the United States District Court for the Southern District of New York  pursuant to 28 U.S.C. 1441, and1446, § 1331, 28 U.S.C. § 1332 §1367,,  and    under federal criminal statutes Honest services fraud  18 U.S.C. § 1346 and 18 U.S. §134 1, 18 U.S. §1342, 18 U.S.§1343, 18 U.S. §1001, 18 U.S. §1002, 18 U.S. §1031, 18 U.S.§1037, 18 U.S.§1038, 18 U.S. §1016, 18 U.S. §1509 and 18 U.S. §1511, 18 U.S. §371   and Title II, Americans With Disabilities Ac ) , Title II, Americans With Disabilities Act ) 42 U.S.C. §12101(a)(8), ADA "Title V, Americans With Disabilities Act of 1990, 42 U.S.C. §12101(a)(8),42 U.S.C. §12101(1)(B), 42 U.S.C. §12131(1)(B) 42 U.S.C. §12131(2) 42 U.S.C. §12132 42 U.S.C. §12203 42 U.S.C. §12201(b) 42 U.S.C. §12202 42 U.S.C. §12203(a), (b) Federal Regulations  28 C.F.R. pt. 35 28 C.F.R. §35.130(f) 28 C.F.R. §35.150(a)(3), 42 U.S.C. §12101(a)(8) 42 U.S.C. §12101(1)(B) 42 U.S.C. §12131(1)(B); 42 U.S.C. §12101(a)(8) 42 U.S.C. §12101(1)(B) 42 U.S.C. §12131(1)(B) 42 U.S.C. §12131(2) 42 U.S.C. §12132 42 U.S.C. §12203 42 U.S.C. §12201(b) 42 U.S.C. §12202 42 U.S.C. §12203(a), (b) 28 C.F.R. pt. 35 28 C.F.R. §35.130(f) 28 C.F.R. §35.150(a)(3).

54.    Respondents, as well as this Supreme Court, all are "public entities" as defined in 42 U.S.C. §12131(1)(B); Since the outset, Respondents and this Supreme Court have clearly known "[t]he purpose of the ADA is 'to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities.' 42 U.S.C. §12101(b)(1)," state as follows: **The case involves a question of federal constitutional law, such that original jurisdiction lies in this Court under 28 U.S.C. § 1331 (civil actions arising under the Constitution, law, or treaties of the United States). Defendant claim that Plaintiff are liable to Defendant under 42 U.S.C. § 1983 for purported deprivation of their procedural and substantive rights under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution. The purported deprivation arises out of a determination made by fraud upon the Court, fraud upon the Constitutional for the United States of America, and fraud upon the New York State Constitution.**

55.    **On January 11, 2018, after being served on December 21, 2017, with a 21 day Termination Notice attached to his storage Unit/room/space No. 407-04-03-036, Jerry Gottesman successor John Doe (Gottesman) or Jane Doe,(Gottesman) in their own individual capacity and as a agent of the Edison properties LLC and Manhattan Mini Storage corporation (storage facility's), violated the Constitution for the United State of America, and the New York State Constitution and Violated the federal and state legislature statues, acts, and conspired to evade and overthrow lawful authority of Article III, §2, cl. 1 and cl 2, of the Constitution for the United States for America, and the State of New York Constitution and the federal and state legislature statues, acts, by practicing law under CPLR Section 321, conducting an illegal lockout, illegal self help eviction, work outside of its corporation charter by drafting Legal documents and making services of the said**

documents, by mail, using post mailing wiring services, and committed a violated the federal criminal Laws, statutes 18 U.S. §134 1, 18 U.S. §1342, 18 U.S.§1343, 18 U.S. §1346, 18 U.S. §1001, 18 U.S. §1002, 18 U.S. §1031, 18 U.S.§1037, 18 U.S.§1038, 18 U.S. §1016, 18 U.S. §1509 and 18 U.S. §1511, 18 U.S. §371. There can be no free society without law administered through an independent judiciary. If one man can be allowed to determine for himself what is law, every man can. That means first chaos, then tyranny. See, U.S. Supreme Court Justice Felix Frankfurter, United States v. United Mine Workers 330 U.S. 258 (1947).

56.    **If the power be granted for one purpose in its corporation charter, it is not proper to work outside of its scope of corporation charter and, therefore unconstitutional, to exercise it for a purpose either forbidden, or not within the scope of its granted powers. This is a fraud upon the Constitution of the United States and the State of New York Constitution. It does by indirect what it cannot do by direct legislation,   and operates upon a subject which is put beyond its reach by the Constitution itself.**

57.    **The court held that corporations cannot practice law without the aid of a statute specifically directed at corporations. Matter of Co-operative Law Co., 198 N. Y. 479, 92 N. E. 15, 139 Am. St. Rep. 839, 19 Ann. Cas. 879, 32 L. R, A. (N. S.) 55 (1910);Kaplan v. Berman,:7 MiEc. Rep. 502, '75 N. Y. Supp. 1002 (Sup. Ct. 1902).**

58.    **The following is the concise definition given by the Supreme Court of the United States: 'Persons *Acting professionally in legal* formalities, negotiations, or proceedings by the warrant or authority of their clients may he regarded as attorneys at law within the meaning of that designation as *used* in this country.' " [Savings Bank v. Ward, 100 U. S. 195,199, 25 L. Ed. C21, 623 (1879)].**

59.    **In Thomas v. West Jersey R. Co., 101 U. S. 71, the court held:**

"A corporation possesses only the powers conferred upon it in its charter, together with those powers which are incidental to, or consequential upon, or reasonably necessary for effectuating the main powers conferred".

60.     Manhattan Mini Storage corporation (storage facility's), with the awareness of Steven B. Sperber, Jerry Gottesman successor John Doe or Jane Doe, in their own individual capacity and as  agent of the Edison properties LLC, have knowing, maliciously, acted, willfully, deliberately, recklessly, unlawfully, violation of CPLR Section 321(a) "Which state that Corporation shall not practice Law". "The 'practice of the law' is hereby defined to be and is the appearance as an advocate in a representative capacity or the drawing of papers, pleadings or documents or the performance of any act in such capacity in connection with proceedings pending or prospective before any court of record, commissioner, referee or any  body, board, committee or commission constituted by law  as having authority to settle controversies. The 'law business' is hereby defined to be and is the advising or counselling for a valuable consideration of any person, firm, association or corporation as to any secular law or the drawing or the procuring of or assisting in the drawing for a valuable consideration of any paper, document or instrument affecting or relating to secular rights or the doing of any act for a valuable consideration in ' a representative capacity, obtaining or tending to obtain or securing or tending to secure for any person, firm, association or corporation any property or property rights whatsoever." See, Matter of Co-operative Law Co., 198 N. Y. 47,; People v. Woodbury Derm. Institute, 192 N. Y. 454,; Matter of Associated Lawyers' Co., 134 App. Div. 350, 119 N. Y. Supp. 77 (1909); MeKoan v. Devries, 3 Barb. (N. Y.) 196 (1848); Holzman v. Purdy, N. Y. L. J., Feb. 25, 1916; Kaplan v. Berman, 37 Misc. Rep. 502, 75 N. Y. Supp. 1002 (Sup. Ct. 1902); U. S. Title Guaranty Co. v. Brown, 166 App. Div. 688, 152 N. Y. Supp. 470 (1915), aff'd., 217 N. Y. 628, 111 N. E. 828 (1916); see Matter of City of Now York (Avenue A), 144 App. Div. 107, 128 N. Y. Supp. 999 (1911), aff'd., 204 N. Y. 625, People v. Alfani, 227 N. Y. 334, 339, 125 N. E. 671, 673 (1919); People v. Title Guaranty and Trust Co., 227 N. Y. 366, 125 N. E. 666 (1919); People v. Title Guaranty and Trust Co., 191 App. Div. 165, 167, 181 N. Y. Supp. 52, 53 (1929).

**61.** When we [Americans] talk about the rule of law, we assume that we're talking about a law that promotes freedom, that promotes justice, that promotes equality. See, U.S. Supreme Court Justice Anthony Kennedy, Interview with ABA President William Neukom (2007).

62. On or about January 24, 2018, and March **2, 2018, Steven B. Sperber with the awareness of Petitioner-Landlord Jerry Gottesman successor John Doe or Jane Doe, in their own individual capacity and as a agent of the Edison properties LLC and Manhattan Mini Storage corporation(storage facility's), knowing, maliciously, acted, willfully, deliberately, recklessly, unlawfully, commenced an action with the** intent in not making any from of service upon Defendant Robert Simon **of the Thirty 30 day Notice of Termination, Notice of Petition of Holdover, Petition Holdover, However, forces to put them selfs above the Law an obtaining a order** and **Judgment, Marsh warrant eviction by violated the the Constitution for the United State of America, committed Fraud upon the Court, fraud upon the Constitution for the United State of America, and fraud upon the New York State Constitution under sworn admissions, by Attorney Steven B. Sperber, Esq., which have utilize and engage in scheme under the New York Uniform Commercial Code, lien laws Section 182, Article 7 of the Real Property Actions and Proceedings Laws.(RPAPL 711-749) and under federal criminal statutes 18 U.S. §1341, 18 U.S. §1342, 18 U.S.§1343, 18 U.S. §1346, 18 U.S. §1001, 18 U.S. §1002, 18 U.S. §1031, 18 U.S.§1037, 18 U.S.§1038, 18 U.S. §1016, 18 U.S. §1509 and 18 U.S. §1511, 18 U.S. §371 and New York State Art. 195.05 of Penal code, and have acted knowing, willfully, deliberately, recklessly, unlawfully, in an attempt to hinder the fact finder's fair adjudication of the case and his adversary's defense of the action, lied to the Courts, committed perjury, Suborns perjury, fabricates evidence to the courts, engage in conduct involving dishonesty, fraud, deceit, misrepresentation, deceit, collusion, consents to any deceit, collusion, with intent to deceive the court and any party . . ., and other misconduct of an adverse party, with imposition of maximum costs and sanctions pursuant to N.Y. Jud. LAW § 217-a (McKinney Supp. 1973 and NYCRR § 130-1.1 et seq. against the Attorney Steven B. Sperber, Esq., under the underline #LT-056730-18/NY. In Hazel-Atias Co. v. Hartford-Empire Co., 322 U.S. 238 (1944), The Supreme Court held that in a case of**

after-discovered fraud, "relief will be granted against judgments regardless of the term of their entre.

63.      No man is above the law and no man is below it: nor do we ask any man's permission  when we ask him to obey it. Theodore Roosevelt See also, By Joseph O'meara Dean of the Notre Dame Law; See, also, School. Schenck v. United States (249 U.S. 47, 1919).

64.      **Attorney's Verification, with Affidavit of service of said Notice of Petition of Holdover, Petition Holdover and Affidavit of service of said Thirty 30 day Notice of Termination, in the Civil Court record at issue herein.Furthermore, Steven B. Sperber, with the awareness of Jerry Gottesman  successor John Doe or Jane Doe, in their own individual capacity and as  agent of the Edison properties LLC, have committed fraud upon the court, fraud upon the Article III, §2, cl. 1 and cl 2, of the Constitution for the United States for America,  and the State of New York Constitution and Violated the federal and state legislature statues, acts, and conspired to evade and overthrow lawful authority of Article III, §2, cl. 1 and cl 2, of the Constitution for the United States for America, and the State of New York Constitution and the federal and state legislature statues, acts, violated the Judiciary Law §487, by deceitfulness directed at the court, that illegal lockout self help eviction occurred during the pendency of a judicial proceeding. See, photons attached hereto were Steven B. Sperber, was serving Thirty 30 day Notice of Termination, Notice of Petition of Holdover, Petition Holdover, violated respondent Robert Simon constitutional due process protection under the 14th Amendment. (US Const 14th Amend; NY Const, art I, § 6; and the 14th Amendment Equal protection of the laws .**

65.      **T**his Notice of Removal is timely filed because the Respondent Robert  Simon  was never served in the State Civil court action. See Murphy Bros., Inc., v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999) ("An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process.")  added). Although a proof of service was filed in State Civil court purporting to reflect service on the "Respondent Robert Simon." It follows that a judgment entered in the course of the proceedings, even though entered on default, is a nullity and binds no one. The person purportedly served may ignore the judgment, resist it or assert its invalidity at any and all times." (citations and internal quotation marks omitted)); *see also* Gershel v. Porr, 89 N.Y.2d 327, 330, 675 N.E.2d 836,

838, 653 N.Y.S.2d 82, 84 (1996) ("Under the new [commencement-by-]filing system, service of process without first paying the filing fee and filing the initiatory papers is a nullity, the action or proceeding never having been properly commenced.").

**66.    It is well settled that whether the Respondent Robert Simon received actual notice of the lawsuit is absolutely irrelevant to the question of jurisdiction, which requires not notice but procedurally proper service. As the Fourth Department has lucidly explained: "In a challenge to service of process, the fact that a respondent has received prompt notice of the action is of no moment . . . . Notice received by means other than those authorized by statute does not bring a defendant within the jurisdiction of the court."** *Hartloff* **v.** *Hartloff***, 296 A.D.2d 849, 850, 745 N.Y.S.2d 363, 364 (4th Dep't 2002);** *see also* *Parker* **v.** *Mack***, 61 N.Y.2d 114, 118-19, 472 N.Y.S.2d 882, 884, 460 N.E.2d 1316, 1318 (1984). See, attached Judge order dated June 19, 2018.** Pursuant to 28 U.S.C. § 1446(a) and (b), a copy of the **Thirty 30 day Notice of Termination, Notice of Petition of Holdover, Petition Holdover,** is attached hereto as part of this court record. Defendant has not been served with a copy of the. **Thirty 30 day Notice of Termination, Notice of Petition of Holdover, Petition Holdover.** However, Defendant have been served with a Court Decision/order dated June 19, 2018, is attached hereto as **part of this court record**.

67.    Courts assessing grounds for removal "'must make principled, pragmatic decisions, engaging in a selective process which picks the substantial causes out of the web and lays the other ones aside.'" Fin. and Trading, Ltd. v. Rhodia S.A., No. 04 Civ. 6083(MBM), 2004 WL 2754862, at *6 (S.D.N.Y. Nov. 30, 2004) (quoting Barbara v. New York Stock Exch., Inc., 99 F.3d 49, 54 (2d Cir. 1996)). With respect to whether a plaintiff's right to relief for a state law claim necessarily depends on resolution of a substantial question of federal law, the following legal standard applies: [T]he question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.

68.    Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. Grable creates only a "special and small," "slim category" of cases that may be appropriately removed to federal

court. <u>Empire Healthchoice Assur., Inc. v. McVeigh</u>, 547 U.S. 677, 699, 701 (2006). Indeed, the "mere presence" of a federal issue does not create federal jurisdiction over a state claim. <u>Ins. Corp. of New York v.. Monroe Bus Corp.</u>, 491 F.Supp.2d 430, 434 (S.D.N.Y. 2007) (citing <u>Merrell Dow Pharms. Inc.</u>, 478 U.S. at 808, 813-14). Nor is the assertion of a federal interest enough to warrant the exercise of federal jurisdiction. <u>Empire Healthchoice Assur., Inc.</u>, 547 U.S. at 701. Under Second Circuit precedent, a federal issue is substantial if it "involve[s] aspects of [a] complex federal regulatory scheme . . . as to which there is 'a serious federal interest in claiming the advantages thought to be inherent in a federal forum.'" <u>Broder v. Cablevision Systems Corp.</u>, 418 F.3d 187, 195 (2d Cir. 2005) (quoting <u>Grable</u>, 545 U.S. at 313).

69.    A single claim over which federal-question jurisdiction exists is sufficient to allow removal. <u>Id.</u> at 194 (citing <u>Exxon Mobil Corp. v. Allapattah Servs., Inc.</u>, 545 U.S. 546 (2005)). "Where a federal issue is present as only one of multiple theories that could support a particular claim, however, this is insufficient to create federal jurisdiction." <u>Id.</u> (citing <u>Christianson v. Colt Indus. Operating Corp.</u>, 486 U.S. 800, 807-09, 811-13 (1988)).

## <u>GROUNDS FOR REMOVAL</u>

**70.**    As set forth more fully below, this Court has subject matter jurisdiction under 28 U.S.C. § 1332, which confers original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States and in which citizens or subjects of a foreign state are additional parties[.]"

71.    Defendant asserts both diversity jurisdiction under 28 U.S.C. § 1332 and federal question jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. §1441.

72.    And that, the following relief thereto as so Demanded are violated pro se Procedural Due Process Rights of Pro Se Civil Litigants, committing fraud upon the Supreme Court Article III Constitution and Congress Constitution, fraud upon the Federal and State legislative statutes and acts, Fraud upon the Courts, and violation of their corporate charter and bylaws, authorized by the Fourteenth Amendment, the First Amendment, the Ninth Amendment, through the Fourteenth Amendment of the Constitution for the United States of America, and the federal statutes,

deprivation of fundamental Rights; conspiracy to deprive fundamental Rights; conspiracy to overthrow lawful Authorities of the Supreme Court Article III Constitution and Congress Constitution, the Federal and State legislative statutes and acts, at 18 U.S.C. 1986 *et seq.*; for damages for sanction treble damage of 60 Million Dollars for fraud upon the court, punitive damage of 10 Billion for fraud upon the Constitution for the United States of America, and fraud upon the New York State Constitution, for abusive of process damage 10 Billion Dollar, Malicious prosecution damage 10 Billion Dollars, treble damages of 10 Billion Dollar for breach of contract/ occupancy lease agreements, for compensatory damage of 10 Billion Dollar, for violation of constitutional due process protection under the 14th Amendment. (US Const 14th Amend; NY Const, art I, Sec. 6; and the 14th Amendment Equal protection of the laws for 10 billion Dollar for damage, Federal and State Civil Rights Laws 42 U.S.C. Section 1983 violation for 10 billion dollar, Liquidated damages of 10 billion, violation Americans With Disabilities Act (ADA). Pub. L. No. 101-336, 104 Stat. 327 (1990) (codified at 42 U.S.C. Section 12101-12213 (1994)), Under N.Y. Exec. Law Section 296(2)(c)(i), under the ADA Acts, Title II of the ADA provides that "no qualified individual with a Disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. Section 12132; Title VII, of the Americans with Disabilities Act., for 10 Billion Dollar for damages, Monetary Relief of 10 billion dollar damage, invidious discrimination of 10 billion, for illegal lockout, illegal eviction, self-help eviction treble damage of 10 Billion Dollar, treble damage of 10 Billion Dollar for frauds involving use of the mail and wire, in violation of Title 18, United States Code, Sections 1341 and 1343, 18 U.S. Section 1342, 18 U.S. Section 1346, 18 U.S. Section 1001, 18 U.S. Section 1002, 18 U.S. Section 1031, 18 U.S. Section 1037, 18 U.S. Section 1038, 18 U.S. Section 1016, 18 U.S. Section 1509 and 18 U.S. Section 1511, 18 U.S. Section 371 Civil RICO Section 1962 and 1964(c) treble damage of 10 billion dollar for frauds, and conspire with the New York City Police officers John Doe #1 through #6, New York City Police commissioner, New York City mayor and New York City and the State of New York to violated Federal and State Civil Rights an constitutional due process protection under the 14th Amendment. (US Const 14th Amend; NY Const, art I, Sec. 6; and the 14th Amendment Equal Protection of the laws not to permit respondent tenant Robert Simon access on March 26, 2018, to his Storage unit/space No. 407-04-03-036, for 10 billion damage, deprived respondent of the opportunity to present his claim or defense to the court; kept respondent

at ignorant, from attorneys own negligence, fraudulently prevented respondent from fully participating in the proceeding and concealment of the existence of a Judgment and a warrant, failure to give notice of the action to the respondent, and convincing the respondent not to obtain counsel because the matter will not proceed (and then it does proceed), preventing the respondent from having his day in court, damage of 20 billion dollar, injunction relief damages 20 billion, declaratory damage relief of 20 billion and such further relief as the Court may find to be just and proper and equitable. See, Brown v. Brown, 58 N.Y. 609 (1874); See, Precision Instrument Mfg. Co. v. Automotive Maintenance Mach. Co., 324 U.S.806, 814-15 (1945); In Rose v. Wood 70 N.Y. 8. See, e.g., 27A Am. Jur. 2d, Equity Sections 119, 126 (1996), which have occasioned this Initial COMPLAINT. See 18 U.S.C. §§ 1964 (c) (a) and (c) ("Civil RICO")and (First Amendment, fourth Amendment, fifth Amendment, Sixth Amendment, 7 Amendment 8 Amendment, the Ninth Amendment, through the Fourteenth Amendment of the Constitution for the United States of America, secured under the civil rights sections 1983, 1985, 1986). Furthermore, on or about January 27, 2019, at Queen of Peace Home, located 344 East 146 Street, Bronx, New York, 10451, I was ordered by a sister "Jane Doe" at the prayer room, to sit in a specific broken chair. That chair collapsed and reinjured lumbar discs 3, 4, 5, the same discs that were initially injured due to a police brutality incident on or about the year of 1983. Sister "Jane Doe" willfully, knowingly, intentionally, recklessly violated plaintiffs civil and constitutional rights and caused further injury and pain and suffering and discomfort to said lumbar discs. The court case arising from the police brutality incident is still pending. Plaintiff Robert Simon is seeking for remedy of reinjury of aforementioned discs 40 Billion Dallols from the City of New York. See, Exhibit "1"; Improper 21 Day Termination Notice Exhibit "2"; Civil Court Order to Access Storage from illegal lockout from 7 AM to 10 PM, dated May 25, 2018; Exhibit "3", Felony Second Void Order of Incompetent Judge Carolyn Walker-Diallo in violation of Article III of the Constitution for the United States in Incompetent lower Civil Court without Article III Attributes, dated June 19, 2018; Exhibit "4", Notice of Claim, dated June 26, 2018, transcript of New York Police Department officers indicating fraud attached, transcript of Manhattan Mini Storage, LLC Manager Tommy Garcia attached; Exhibit "5", Federal Bureau Investigation Complaint Form of 5 pages, Notice of Appeal of 1 page, Judge Stanton Court Order; Exhibit "6", United States Court of Appeals, Second Circuit, improper dismissal appeal; Exhibit "7", Notice of Appeal/Docketing Fee, For: Robert Simon, $505.00; Exhibit "8", US Court of Appeals for the Second Circuit, Motion to Reinstate Appeal;

Exhibit "9", Court of Appeals, 2nd Circuit Docket Sheet; Exhibit "10", US District Court, Southern District of New York Docket Sheet, Exhibit "11", NYC E-Courts, 101190-15, Simon, Robert v. NYC Department of Homeless Services, "E-File", containing several predicated acts,

73..    That case is now on appeal to the U.S. Court of Appeals for the Second Circuit, where it presently awaits a ruling on Appellant's Notice of Motion to Extend the time to file Petition Pursuant to FRAP 35 and 40, any petition for panel rehearing or petition for panel reconsideration to reinstate appeal and or/ for panel reconsideration to reinstate appeal en banc and or/ panel rehearing and/or rehearing *en banc*,  as required to be filed within 14 days.

74.    In anticipation of probable obstruction by defendants herein, federal officers and employees of the United States District Court In The Southern District Court Of New York, Pro se, Plaintiff Robert Simon, reserved COUNT SIX: Civil RICO for adjudication by an Constitutional Article III Court and Judge. This action is COUNT SIX+, in effect.

75.    The obstruction anticipated by Plaintiff has now occurred in that federal and States case, in part by the Civil Court of the City of New York County of New York NON-HOSING PART. Index No. L&T-056730-18/NY, and Judge  impersonation of Constitutional Article III Court and The United States District Court In The Southern District Court Of New York impersonation of Constitutional Article III Court in violation of  18 U.S.C. Section 912 (a federal felony) and of numerous United States Supreme Court See, American Inc. Co. v. 356 Bales of Cotton, 26 U.S. 511, (1829, Northern Pipeline v. Marathon Pipe Line 458 U.S. 50 (1982), Marbury v. Madison 5 U.S. 137 (1803); precedents  in re civil jurisdiction of U.S. Court, the Civil Court of the City of New York County of New York NON-HOSING PART. Index No. L&T-056730-18/NY, and Judge _____.

76.     As such, federal and State officers and employees are now among the probable causes that threaten further continuation of the severe economic hardship and other wrongs described above.

77.     It is also apparent to Plaintiff, who hereby makes a formal offer to prove, that the instant action should <u>not</u> be removed into the Article I Court because the Article I Court, nor should it ever be removed into the Article IV USDC because of demonstrable bias and prejudice among Federal and State officers and employees of the USDC and the Civil Court of the City of New York County of New York NON-HOSING PART. Index No. L&T-056730-18/NY.

"  . . . In Question of power then, let no more be heard of confidence in man, but bind him down from mischief by the chains of the constitution."  Thomas Jefferson.

## STRUCTURE AND INCORPORATION OF PRIOR PLEADINGS AND EXHIBITS

Exhibits in the federal and States Court. Exhibit "1"; Improper 21 Day Termination Notice Exhibit "2"; Civil Court Order to Access Storage from illegal lockout from 7 AM to 10 PM, dated May 25, 2018; Exhibit "3", Felony Second Void Order of Incompetent Judge Carolyn Walker-Diallo in violation of Article III of the Constitution for the United States in Incompetent lower Civil Court without Article III Attributes, dated June 19, 2018; Exhibit "4", Notice of Claim, dated June 26, 2018, transcript of New York Police Department officers indicating fraud attached, transcript of Manhattan Mini Storage, LLC Manager Tommy Garcia attached; Exhibit "5", Federal Bureau Investigation Complaint Form of 5 pages, Notice of Appeal of 1 page, Judge Stanton Court Order; Exhibit "6", United States Court of Appeals, Second Circuit, improper dismissal appeal; Exhibit "7", Notice of Appeal/Docketing Fee, For: Robert Simon, $505.00; Exhibit "8", US Court of

24

Appeals for the Second Circuit, Motion to Reinstate Appeal; Exhibit "9", Court of Appeals, 2nd Circuit Docket Sheet; Exhibit "10", US District Court, Southern District of New York Docket Sheet, Exhibit "11", NYC E-Courts, 101190-15, Simon, Robert v. NYC Department of Homeless Services, "E-File", containing several predicated acts,

Plaintiff now designates Exhibits 1-11 as the <u>Table of Contents</u> for the federal case as presently herein.

**Plaintiff now formally incorporates Exhibits 1-11 thru and including by reference, as if all were set forth fully here.**

Plaintiff now recommends that the Court branch at this point to review the following Exhibits: These Exhibits correspond to Plaintiff's federal <u>COMPLAINT</u>, respectively.


" . . . It cannot be repeated too often that the Constitution is a limitation on the government, not on private individuals that it does not prescribe the conduct of private individual, only the conduct of the government-that it is not a charter for government power, but a charter of the citizen protection against the government." Thomas Jefferson.

<u>**PARTIAL LIST OF RICO PREDICATE ACTS<br>AND OTHER ACTS OF WITNESS RETALIATION**</u>

Particular attention of this honorable Court is now drawn to Racketeer Influenced and Corrupt Organizations, 43 Am. Crim. L. Rev. 869 (2006); and Attorney Liability under RICO Section 28 U.S.C. 1962 (C); 61: The University of Chicago Law Review, 1153, 1994. Enterprise Lability in Private Civil RICO Actions, 45 Wash. & Lee L. Rev. 1447(1988); Reves v. Ernst Young; The Elimination of Professional Liability Under Rico, 43 Cath. U.L. Rev. 1025 (1994); RICO and the Professional , Vol. 37 Mercer Law Review 627 (1986); Treble Damage Under Rico, 61 Notre Dame L. Rev. 526(1986); Exhibit "1"; Improper 21 Day Termination Notice

Exhibit "2"; Civil Court Order to Access Storage from illegal lockout from 7 AM to 10 PM, dated

May 25, 2018; Exhibit "3", Felony Second Void Order of Incompetent Judge Carolyn Walker-

Diallo in violation of Article III of the Constitution for the United States in Incompetent lower

Civil Court without Article III Attributes, dated June 19, 2018; Exhibit "4", Notice of Claim, dated

June 26, 2018, transcript of New York Police Department officers indicating fraud attached,

transcript of Manhattan Mini Storage, LLC Manager Tommy Garcia attached; Exhibit "5", Federal

Bureau Investigation Complaint Form of 5 pages, Notice of Appeal of 1 page, Judge Stanton Court

Order; Exhibit "6", United States Court of Appeals, Second Circuit, improper dismissal appeal;

Exhibit "7", Notice of Appeal/Docketing Fee, For: Robert Simon, $505.00; Exhibit "8", US Court

of Appeals for the Second Circuit, Motion to Reinstate Appeal; Exhibit "9", Court of Appeals, 2nd

Circuit Docket Sheet; Exhibit "10", US District Court, Southern District of New York Docket

Sheet, Exhibit "11", NYC E-Courts, 101190-15, Simon, Robert v. NYC Department of Homeless

Services, "E-File", containing several predicated acts, is particularly relevant to the instant case,

because it elevated fraud to the status of RICO predicate acts, and cited superb reasons for doing

so, in the context of other applicable federal laws, can be seen in the  partial list of <u>Documented</u>

<u>Retaliations</u> which Plaintiff had suffered *prior* to the date on which the federal case was first filed

is a subset of those Documented Retaliations which also qualify as one or more of the RICO

<u>Predicate Acts</u> that are itemized at 18 U.S.C. §§1961 (1)(B), (1)(D), and (5). **Plaintiff now testifies**

**that the partial list of acts and events now documented in Exhibits and constitutes probable**

**cause for granting all relief requested *infra* in the instant COMPLAINT.**

 Further acts and events occurred <u>after</u> the filing , which also qualify as RICO predicate acts that

constitute *further* probable causes for all the relief requested *infra*. For example, Plaintiff herein

alleges that obstruction of justice did in fact occur *whenever* Plaintiff was deprived of specific relief from the federal district courts and states court in New York.

COUNT ONE:

Acquisition and Maintenance of an Interest in and Control of
an *Enterprise* Engaged in a *Pattern of Racketeering Activity*:
18 U.S.C. §§ 1981(5),1962(b)

50.     Plaintiff now re-alleges each and every allegation as set forth above, and hereby incorporates same by reference, as if all were set forth fully herein.  Substance prevails over form.

51.     At various times and places partially enumerated in Plaintiff's *documentary material*, all Defendants did acquire and/or maintain, directly or indirectly, an interest in or control of a RICO *enterprise* of individuals who were associated in fact and who did engage in, and whose activities did affect, interstate and foreign commerce, all in violation of 18 U.S.C. §§ 1961(4), (5), (9), and 1962(b).

52.     During the ten (10) calendar years preceding July 3 , 2015. all Defendants did cooperate jointly and severally in the commission of two (2) or more of the RICO predicate acts that are itemized in the RICO laws at 18 U.S.C. §§1961 (1)(A) and (B), and did so in violation of the RICO law at 18 U.S.C. Section 1962(b) (Prohibited activities).

Plaintiff further alleges that all Defendants did commit two (2) or more of the offenses itemized above in a manner which they calculated and premeditated intentionally to threaten continuity, *i.e.* a continuing threat of their respective *racketeering activities*, also in violation of the RICO law at 18 U.S.C. Section (b) *supra*.

53.     Pursuant to the original Statutes at Large, the RICO laws itemized above are to be *liberally* construed by this honorable Court.  Said construction rule was never codified in  Title 18 of the United States Code, however.  See 84 Stat. 947, Sec. 904, Oct. 15, 1970.

*Respond eat superior* (principal is liable for agents' misconduct: knowledge of, participation in, and benefit from a RICO enterprise).

## COUNT TWO:
### Conduct and Participation in a RICO *Enterprise* through a *Pattern of Racketeering Activity*: 18 U.S.C. §§ 1961(5), 1962 (c)

54.    Plaintiff now re-alleges each and every allegation as set forth above, and hereby incorporates same by reference, as if all were set forth fully herein.  Substance prevails over form.

55.    At various times and places partially enumerated in Plaintiff's *documentary material*, all Defendants did associate with a RICO *enterprise* of individuals who were associated in fact and who engaged in, and whose activities did affect, interstate and foreign commerce.

56.    Likewise, all Defendants did conduct and/or participate, either directly or indirectly, in the conduct of the affairs of said RICO *enterprise* through a *pattern of racketeering activity*, all in violation of 18 U.S.C. §§ 1961(4), (5), (9), and 1962 (c).

57.    During the ten (10) calendar years preceding July 03, 2015, all Defendants did cooperate jointly and severally in the commission of two (2) or more of the RICO predicate acts that are itemized in the RICO laws at 18 U.S.C. §§ 1961(1)(A) and (B), and did so in violation of the RICO law at  18 U.S.C. Section 1962 (c) (Prohibited activities).

58.    Plaintiff further alleges that all Defendants did commit two (2) or more of the offenses itemized above in a manner which they calculated and premeditated intentionally to threaten continuity, *i.e.* a continuing threat of their respective *racketeering activities*, also in violation of the RICO law at  18 U.S.C Section 1962 (c) *supra*.

59.    Pursuant to 84 Stat. 947, Sec. 904, Oct. 15, 1970, the RICO laws itemized above are to be *liberally* construed by this honorable Court.  Said construction rule was never codified in Title 18 of the United States Code, however.  *Respond eat superior* (as explained above).

COUNT THREE:
Conspiracy to Engage in a
*Pattern of Racketeering Activity*:
18 U.S.C. §§ 1961(5),1962(d)

60.    Plaintiff now re-alleges each and every allegation as set forth above, and hereby incorporates same by reference, as if all were set forth fully herein.  Substance prevails over form.

61.    At various times and places partially enumerated in Plaintiff's *documentary material*, all Defendants did conspire to acquire and maintain an interest in a RICO *enterprise* engaged in a *pattern of racketeering activity*, in violation of 18 U.S.C. §§ 1962(b) and (d).

62.    At various times and places partially enumerated in Plaintiff's *documentary material*, all Defendants did also conspire to conduct and participate in said RICO *enterprise* through a *pattern of racketeering activity*, in violation of 18 U.S.C. §§ 1962(c) and (d).
See also 18 U.S.C. §§ 1961(4), (5) and (9).

63.    During the ten (10) calendar years preceding., all Defendants did cooperate jointly and severally in the commission of two (2) or more of the predicate acts that are itemized at 18 U.S.C. §§1961 (1)(A) and (B), in violation of 18 U.S.C. Section 1962 (d).

64.    Plaintiff further alleges that all Defendants did commit two (2) or more of the offenses itemized above in a manner which they calculated and premeditated intentionally to threaten continuity, *i.e.* a continuing threat of their respective *racketeering activities*, also in violation of  18 U.S.C. Section 1962 (d) (Prohibited activities *supra*).

65.    Pursuant to 84 Stat. 947, Sec. 904, Oct. 15, 1970, the RICO laws itemized above are to be *liberally* construed by this honorable Court.  Said construction rule was never codified in Title 18 of the United States Code, however.  *Respond eat superior* (as explained above).

RELIEF REQUESTED

*Wherefore*, pursuant to the statutes at 18 U.S.C. Section 1964 (a) and (c), Plaintiff requests judgment against all named Defendants as follows:

<u>ON COUNT ONE:</u>

1.       That this Court liberally construe the RICO laws and thereby find that all Defendants, both jointly and severally, have acquired and maintained, both directly and indirectly, an interest in and/or control of a RICO *enterprise* of *persons* and of other individuals who were associated in fact, all of whom engaged in, and whose activities did affect, interstate and foreign commerce in violation of 18 U.S.C. Section 1962 (b) (Prohibited activities).

2.       That all Defendants and all their directors, officers, employees, agents, servants and all other *persons* in active concert or in participation with them, be enjoined *temporarily* during pendency of this action, and *permanently* thereafter, from acquiring or maintaining, whether directly or indirectly, any interest in or control of any RICO *enterprise* of *persons*, or of other individuals associated in fact, who are engaged in, or whose activities do affect, interstate or foreign commerce.

3.       That all Defendants and all of their directors, officers, employees, agents, servants and all other *persons* in active concert or in participation with them, be enjoined *temporarily* during pendency of this action, and *permanently* thereafter, from committing any more predicate acts in furtherance of the RICO *enterprise* alleged in COUNT ONE *supra*.

4.       That all Defendants be required to account for all gains, profits, and advantages derived from their several acts of *racketeering activity* in violation of 18 U.S.C. Section 1962 (b) and from all other violation(s) of applicable State and federal law(s).

5.     That judgment be entered for Plaintiff and against all Defendants for Plaintiff's actual damages, and for any gains, profits, or advantages attributable to all violations of 18 U.S.C. Section 1962 (b), according to the best available proof.

6.     That all Defendants pay to Plaintiff treble (triple) damages, under authority of 18 U.S.C. 1964(c), for any gains, profits, or advantages attributable to all violations of 18 U.S.C. Section 1962 (b), according to the best available proof.

7.     That all Defendants pay to Plaintiff all damages sustained by Plaintiff in consequence of Defendants' several violations of 18 U.S.C. Section 1962 (b), according to the best available proof.

8..    That all damages caused by all Defendants, and all gains, profits, and advantages derived by all Defendants, from their several acts of racketeering in violation of 18 U.S.C. Section 1962 (b) and from all other violation(s) of applicable State and federal law(s), be deemed to be held in constructive trust, legally foreign with respect to the federal zone [*sic*], for the benefit of Plaintiff, His heirs and assigns.

9..    That Plaintiff have such other and further relief as this Court deems just and proper, under the circumstances of this action.

ON COUNT TWO:

1.     That this Court liberally construe the RICO laws and thereby find that all Defendants have associated with a RICO *enterprise* of *persons* and of other individuals who were associated in fact, all of whom did engage in, and whose activities did affect, interstate and foreign commerce in violation of the RICO law at 18 U.S.C. Section 1962(c) (Prohibited activities).

2.     That this Court liberally construe the RICO laws and thereby find that all Defendants have

conducted and/or participated, directly or indirectly, in the affairs of said RICO *enterprise* through

a *pattern of racketeering activity* in violation of the RICO laws at 18 U.S.C. §§ 1961 (5) ("pattern"

defined) and 1962 (c) *supra*.

3.      That all Defendants and all of their directors, officers, employees, agents, servants and all

other *persons* in active concert or in participation with them, be enjoined *temporarily* during

pendency of this action, and *permanently* thereafter, from associating with any RICO *enterprise*

of *persons*, or of other individuals associated in fact, who do engage in, or whose activities do

affect, interstate and foreign commerce.

4.      That all Defendants and all of their directors, officers, employees, agents, servants and all

other *persons* in active concert or in participation with them, be enjoined *temporarily* during

pendency of this action, and *permanently* thereafter, from conducting or participating, either

directly or indirectly, in the conduct of the affairs of any RICO *enterprise* through a *pattern of*

*racketeering activity* in violation of the RICO laws at 18 U.S.C. §§ 1961 (5) and 1962 (c) *supra*.

5.      That all Defendants and all of their directors, officers, employees, agents, servants and all

other *persons* in active concert or in participation with them, be enjoined *temporarily* during

pendency of this action, and *permanently* thereafter, from committing any more predicate acts in

furtherance of the RICO *enterprise* alleged in COUNT TWO *supra*.

6.      That all Defendants be required to account for all gains, profits, and advantages derived

from their several acts of racketeering in violation of 18 U.S.C. Section 1962 (c) *supra* and from

all other violation(s) of applicable State and federal law(s).

7.      That judgment be entered for Plaintiff and against all Defendants for Plaintiff's actual

damages, and for any gains, profits, or advantages attributable to all violations of 18 U.S.C. Section

1962 (c) *supra*, according to the best available proof.

8.     That all Defendants pay to Plaintiff treble (triple) damages, under authority of 18 U.S.C. section 1964 (c), for any gains, profits, or advantages attributable to all violations of 18 U.S.C. Section (c) *supra*, according to the best available proof.

9.     That all Defendants pay to Plaintiff all damages sustained by Plaintiff in consequence of Defendants' several violations of 18 U.S.C. Section 1962 (c) *supra*, according to the best available proof.

10.     That all damages caused by all Defendants, and all gains, profits, and advantages derived by all Defendants, from their several acts of racketeering in violation of 18 U.S.C. Section 1962 (c) *supra* and from all other violation(s) of applicable State and federal law(s), be deemed to be held in constructive trust, legally foreign with respect to the federal and State Law, for the benefit of Plaintiff, His heirs and assigns.

11.     That Plaintiff have such other and further relief as this Court deems just and proper, under the full range of relevant circumstances which have occasioned the instant action.

ON COUNT THREE:

1.     That this Court liberally construe the RICO laws and thereby find that all Defendants have conspired to acquire and maintain an interest in, and/or conspired to acquire and maintain control of, a RICO *enterprise* engaged in a *pattern of racketeering activity* in violation of 18 U.S.C. §§ 1961 (5), 1962 (b) and (d) *supra*.

2.     That this Court liberally construe the RICO laws and thereby find that all Defendants have conspired to conduct and participate in said RICO *enterprise* through a *pattern of racketeering activity* in violation of 18 U.S.C. §§ 1961 (5), 1962 (c) and (d) *supra*.

3.     That all Defendants and all their directors, officers, employees, agents, servants and all other *persons* in active concert or in participation with them, be enjoined *temporarily* during pendency of this action, and *permanently* thereafter, from conspiring to acquire or maintain an interest in, or control of, any RICO *enterprise* that engages in a *pattern of racketeering activity* in violation of 18 U.S.C. §§ 1961 (5),  1962 (b) and (d) *supra*.

4.     That all Defendants and all their directors, officers, employees, agents, servants and all other *persons* in active concert or in participation with them, be enjoined *temporarily* during pendency of this action, and *permanently* thereafter, from conspiring to conduct, participate in, or benefit in any manner from any RICO *enterprise* through a *pattern of racketeering activity* in violation of 18 U.S.C. §§  1961 (5), 1962 (c) and (d) *supra*.

5.   That all Defendants and all their directors, officers, employees, agents, servants and all other *persons* in active concert or in participation with them, be enjoined *temporarily* during pendency of this action, and *permanently* thereafter, from committing any more predicate acts in furtherance of the RICO *enterprise* alleged in  COUNT THREE *supra*.

6.     That all Defendants be required to account for all gains, profits, and advantages derived from their several acts of racketeering in violation of 18 U.S.C. Section 1962 (d) *supra* and from all other violation(s) of applicable State and federal law(s).

7.     That judgment be entered for Plaintiff and against all Defendants for Plaintiff's actual damages, and for any gains, profits, or advantages attributable to all violations of 18 U,S,C, Section 1962 (d) *supra*, according to the best available proof.

8.     That all Defendants pay to Plaintiff treble (triple) damages, under authority of  18 U.S.C. Section 1964 (c), for any gains, profits, or advantages attributable to all violations of  18 U.S.C. Section 1962 (d) *supra*, according to the best available proof.

9.      That all Defendants pay to Plaintiff all damages sustained by Plaintiff in consequence of Defendants' several violations of 18 U.S.C. Section (d) *supra*, according to the best available proof.

11.     That all damages caused by all Defendants, and all gains, profits, and advantages derived by all Defendants, from their several acts of racketeering in violation of 18 U.S.C. Section1962 (d) *supra* and from all other violation(s) of applicable State and federal law(s), be deemed to be held in constructive trust, legally foreign with respect to the federal Law [*sic*], for the benefit of Plaintiff, His heirs and assigns.

12.     That Plaintiff have such other and further relief as this Court deems just and proper, under the full range of relevant circumstances which have occasioned the instant action for damages for violated pro se Procedural Due Process Rights of Pro Se Civil Litigants, committing fraud upon the Supreme Court Article III Constitution and Congress Constitution, fraud upon the Federal and State legislative statutes and acts, Fraud upon the Courts, and violation of their corporate charter and bylaws, authorized by the Fourteenth Amendment, the First Amendment, the Ninth Amendment, through the Fourteenth Amendment of the Constitution for the United States of America, and the federal statutes, deprivation of fundamental Rights; conspiracy to deprive fundamental Rights; conspiracy to overthrow lawful Authorities of the Supreme Court Article III Constitution and Congress Constitution, the Federal and State legislative statutes and acts,  at  18 U.S.C. 1986 *et seq.*;  for damages for sanction treble damage of 60 Million Dollars for fraud upon the court, punitive damage of 10 Billion for fraud upon the Constitution for the United States of America, and fraud upon the New York State Constitution, for abusive of process damage 10 Billion Dollar, Malicious prosecution damage 10 Billion Dollars, treble damages of 10 Billion

Dollar for breach of contract/ occupancy lease agreements, for compensatory damage of 10 Billion Dollar, for violation of constitutional due process protection under the 14th Amendment. (US Const 14th Amend; NY Const, art I, Sec. 6; and the 14th Amendment Equal protection of the laws for 10 billion Dollar for damage, Federal and State Civil Rights Laws 42 U.S.C. Section 1983 violation for 10 billion dollar, Liquidated damages of 10 billion, violation Americans With Disabilities Act (ADA). Pub. L. No. 101-336, 104 Stat. 327 (1990) (codified at 42 U.S.C. Section 12101-12213 (1994)), Under N.Y. Exec. Law Section 296(2)(c)(i), under the ADA Acts, Title II of the ADA provides that "no qualified individual with a Disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. Section 12132; Title VII, of the Americans with Disabilities Act., for 10 Billion Dollar for damages, Monetary Relief of 10 billion dollar damage, invidious discrimination of 10 billion, for illegal lockout, illegal eviction, self-help eviction treble damage of 10 Billion Dollar, treble damage of 10 Billion Dollar for frauds involving use of the mail and wire, in violation of Title 18, United States Code, Sections 1341 and 1343, 18 U.S. Section 1342, 18 U.S. Section 1346, 18 U.S. Section 1001, 18 U.S. Section 1002, 18 U.S. Section 1031, 18 U.S. Section 1037, 18 U.S. Section 1038, 18 U.S. Section 1016, 18 U.S. Section 1509 and 18 U.S. Section 1511, 18 U.S. Section 371 Civil RICO Section 1962 and 1964(c) treble damage of 10 billion dollar for frauds, and conspire with the New York City Police officers John Doe #1 through #6, New York City Police commissioner, New York City mayor and New York City and the State of New York to violated Federal and State Civil Rights an constitutional due process protection under the 14th Amendment. (US Const 14th Amend; NY Const, art I, Sec. 6; and the 14th Amendment Equal Protection of the laws not to permit respondent tenant Robert Simon access on March 26, 2018, to his Storage unit/space No. 407-04-03-036, for

10 billion damage, deprived respondent of the opportunity to present his claim or defense to the court; kept respondent at ignorant, from attorneys own negligence, fraudulently prevented respondent from fully participating in the proceeding and concealment of the existence of a Judgment and a warrant, failure to give notice of the action to the respondent, and convincing the respondent not to obtain counsel because the matter will not proceed (and then it does proceed), preventing the respondent from having his day in court, damage of 20 billion dollar, injunction relief damages 20 billion, declaratory damage relief of 20 billion and such further relief as the Court may find to be just and proper and equitable. See, Brown v. Brown, 58 N.Y. 609 (1874); See, Precision Instrument Mfg. Co. v. Automotive Maintenance Mach. Co., 324 U.S.806, 814-15 (1945); In Rose v. Wood 70 N.Y. 8. See, e.g., 27A Am. Jur. 2d, Equity Sections 119, 126 (1996), which have occasioned this Initial COMPLAINT.  See 18 U.S.C. §§ 1964 (c) (a) and (c) ("Civil RICO")and (First Amendment, fourth Amendment, fifth Amendment, Sixth Amendment, 7 Amendment 8 Amendment, the Ninth Amendment, through the Fourteenth Amendment of the Constitution for the United States of America, secured under the civil rights sections 1983, 1985, 1986). Furthermore, on or about January 27, 2019, at Queen of Peace Home, located 344 East 146 Street, Bronx, New York, 10451, I was ordered by a sister "Jane Doe" at the prayer room, to sit in a specific broken chair. That chair collapsed and reinjured lumbar discs 3, 4, 5, the same discs that were initially injured due to a police brutality incident on or about the year of 1983. Sister "Jane Doe" willfully, knowingly, intentionally, recklessly violated plaintiffs civil and constitutional rights and caused further injury and pain and suffering and discomfort to said lumbar discs. The court case arising from the police brutality incident is still pending. Plaintiff Robert Simon is seeking for remedy of reinjury of aforementioned discs   40 Billion Dallols from the City of New York. See, Brown v. Brown, 58 N.Y. 609 (1874); See, Precision Instrument Mfg. Co. v.

Automotive Maintenance Mach. Co., 324 U.S.806, 814-15 (1945); In Rose v. Wood 70 N.Y. 8.

See, e.g., 27A Am. Jur. 2d, Equity Sections 119, 126 (1996), which have occasioned this Initial

COMPLAINT,

The damage matrix is three-dimensional:   for each Defendant, there are actual,

consequential, and punitive damages (3 columns) on each of three counts (3 rows).

## JURY DEMAND

Plaintiff hereby demands an Article III 7 Amendment trial by jury on the Laws and facts of all issues triable to a jury lawfully convened.

## LIST OF EXHIBITS

Pursuant to 18 U.S.C. Section 1961(9), Plaintiff now formally incorporates His *documentary material* by reference to all of the following Exhibits, as if set forth fully here, to wit:

Exhibit "1", Improper 21 Day Termination Notice

Exhibit "2", Civil Court Order to Access Storage from illegal lockout from 7 AM to 10 PM, dated May 25, 2018.

Exhibit "3", Felony Second Void Order of Incompetent Judge Carolyn Walker-Diallo in violation of Article III of the Constitution for the United States in Incompetent lower Civil Court without Article III Attributes, dated June 19, 2018.

Exhibit "4", Notice of Claim, dated June 26, 2018, transcript of New York Police Department officers indicating fraud attached, transcript of Manhattan Mini Storage, LLC Manager Tommy Garcia attached.

Exhibit "5", Federal Bureau Investigation Complaint Form of 5 pages, Notice of Appeal of 1 page, Judge Stanton Court Order.

Exhibit "6", United States Court of Appeals, Second Circuit, improper dismissal appeal.

Exhibit "7", Notice of Appeal/Docketing Fee, For: Robert Simon, $505.00.

Exhibit "8", US Court of Appeals for the Second Circuit, Motion to Reinstate Appeal.

Exhibit "9", Court of Appeals, 2nd Circuit Docket Sheet

Exhibit "10", US District Court, Southern District of New York Docket Sheet.

## **VERIFICATION**

I, Robert Simon, *Pro se* Plaintiff in the above entitled action, hereby verify under penalty of perjury, under the laws of the United States of America, without the "United States" (federal government), that the above statement of facts and laws is true and correct, according to the best of My current information, knowledge, and belief, so help me God, pursuant to 28 U.S.C. section 1746(1). See the Supremacy clause in the Constitution for the United States of America, as lawfully amended (hereinafter " U.S. Constitutional").

Dated:    June 23 ,2019

Signed:

Printed:    Robert Simon pro se Plaintiff, Apt 8D
           1280 East 5 Avenue, New York, N.Y, 10029
           646-750-3254

Exhibit "2"

**Manhattan Mini Storage.**

## 21 DAY TERMINIATION NOTICE

Premises Located at *570 Riverside Drive, New York, NY 10031* (the "Premises")
Occupancy Agreement Dated *July 21st, 2017* (the "Occupancy Agreement")
For Storage Room Number *407-04-03-036* (the "Room")

December 21st, 2017

**Robert Simon**
390 9th Avenue Manhattan
New York, NY 10001

**PLEASE TAKE NOTICE** that Manhattan Mini Storage, LLC, the owner of Premises, hereby exercises its right, pursuant to Section 1 of the Occupancy Agreement, to terminate your Occupancy Agreement for the Room as of *January 11th, 2018*. If you do not vacate the Room on said date, summary proceedings under the statute to remove you therefrom will be commenced by the undersigned.

Sincerely,

**Manhattan Mini Storage**

CERTIFIED MAIL: *9590 9402 1850 5104 1469 43*

Exhibit "2"

# Civil Court of the City of New York

County of New York

Part 52

Manhattan Mini Storage LLC

Claimant(s)/Plaintiff(s)/Petitioner(s)

*against*

Robert Smin

Defendant(s)/Respondent(s)

Index Number  056732/18

Motion Cal. # ___  Motion Seq. # ___

## DECISION/ORDER

Recitation, as required by CPLR §2219 (a), of the papers considered in the review of this Motion:

| Papers | Numbered |
|---|---|
| Notice of Motion and Affidavits Annexed........ | _____ |
| Order to Show Cause and Affidavits Annexed.... | _____ |
| Answering Affidavits............................ | _____ |
| Replying Affidavits............................. | _____ |
| Exhibits....................................... | _____ |
| Other.......................................... | _____ |

Upon the foregoing cited papers, the Decision/Order on this Motion to _____ is as follows:

Over Petitioner's objection, Respondent is granted access to the subject premises during the hours the facility is open (7AM - 10PM). Upon arrival the Respondent must ask for a Manager is again Access. If no Manager is present the Respondent may gain access regardless.

FILED
MAY 25 2018
NEW YORK COUNTY
CIVIL COURT

HON DAWN JIMENEZ

Judge, Civil Court

Date 5/25/18

CIV-GP-43 (Revised, September, 1999)

Exhibit "3"

**Civil Court of the City of New York**

County of _____ New York _____

Part _____ 52 _____

Manhattan Ministorage LLC

Claimant(s)/Plaintiff(s)/Petitioner(s)

*against*

Robert Simon

Defendant(s)/Respondent(s)

Index Number 056730/18

Motion Cal. # _____    Motion Seq. # _____

**DECISION/ORDER**

Recitation, as required by CPLR §2219 (a), of the papers considered in the review of this Motion:

| Papers | Numbered |
|---|---|
| Notice of Motion and Affidavits Annexed......... | 1 |
| Order to Show Cause and Affidavits Annexed.... | |
| Answering Affidavits ..................................... | |
| Replying Affidavits......................................... | |
| Exhibits ...................................................... | |
| Other:......................................................... | |

Upon the foregoing cited papers, the Decision/Order on this Motion to ___OSC___ is as follows:

After oral argument on June 19, 2018, Respondent
has presented credible testimony and has shown
good cause as to why he defaulted in this case. Respondent
testified that he had a mailing address of 8 East
100th Street, NY NY 10029-3900. Accordingly, Respondent's
OSC is granted to the extent that the default judgment
is vacated. As to Respondent's other claims/requests
for relief in the OSC, it is hereby DENIED.

This matter is adjourned to 6/29/18 for trial.

The exhibits the decision and order of the Court.

_____6/19/18_____
Date

_____
Judge, Civil Court

HON. CAROLYN WALKER-DIALLO

Exhibit "4"

In The Matter of the Claim of

NYC COMPTROLLER
BUR. INFORMATION SYSTEMS
CENTRAL IMAGING FACILITY
RECEIVED

2019 JUN 26  P 12: 38

against
THE CITY OF NEW YORK

TO: COMPTROLLER OF THE CITY OF NEW YORK

PLEASE TAKE NOTICE that the undersigned claimant(s) hereby make(s) claim and demand against the City of New York, as follows:

1. The name and post-office address of each claimant's attorney is: Robert Simon pro se, 1280 East Fifth Avenue, Apartment 8D, New York, NY 10029.

2.The nature of the claim: Robert Simon is considered a person under the ADA and the law and therefore would be entitled to constitutional due process protection under the 5th and 14th Amendment. (US Const 5th and 14th Amend; NY Const, art I, § 6. individuals with disabilities within the meaning of the ADA, 42 U.S.C. § 12102 and 28 C.F.R. § 35.104, and Respondent tenant Robert Simon is qualified to receive services and participate in programs or activities provided by the City. See 42 U.S.C. § 12131(2).On March 26, 2018, as per the attached three pages of video transcript shows, police officers John Doe 1, John Doe 2, John Doe 3, John Doe 4,  knowing, maliciously, acted, willfully, deliberately, recklessly, and unlawfully, violated NYPD police patrol guide, section 117-11 and Robert Simon's CIVIL RIGHTS and 42 U.S.A. Section 1983, and constitutional rights, Amendments 5 and 14, conspiring with Steven B. Sperber, Jerry Gottesman successor, John Doe or Jane Doe, in their own individual capacity and as agent of the Edison properties LLC and Manhattan mini Storage, and so there can work outside of its corporation charter by drafting Legal documents and making services of the said documents, by mail, using post mailing wiring services, and conducted an illegal lockout, illegal self help eviction, of tenant Robert Simon from his storage unit/room/space No. 407-04-03-036, and so that Steven B. Sperber, Jerry Gottesman successor John Doe or Jane Doe, in their own individual capacity and as agent of the Edison properties LLC and Manhattan mini Storage, can and did committed Fraud upon the court, the fraud upon the Constitution for the United State of America, and fraud upon the New York State Constitution and carefully executed scheme to defraud the Judge from issuing a proper Judgment. . . denying respondent tenant Robert Simon from his day in court, so that he may obtain a default Judgment. Furthermore, police officers John Doe 1, John Doe 2, John Doe 3, John Doe 4, conspired to evade in complying with Laws of New York States and Federal Laws, New York Judiciary Law 487, moreover, committed Fraud upon the Court, fraud upon the  Constitution for the United States of America, and fraud upon the New York State Constitution under sworn admissions, by Attorney Steven B. Sperber, Esq., which have utilize and engage in scheme under the New York Uniform Commercial Code, lien laws Section 182, Article 7 of the Real Property Actions and Proceedings Laws.(RPAPL 711-749) and under federal criminal statutes 18 U.S. §1341, 18 U.S. §1342, 18 U.S.§1343, 18 U.S. §1346, 18 U.S. §1001, 18 U.S. §1002, 18 U.S. §1031, 18 U.S.§1037, 18 U.S.§1038, 18 U.S. §1016, 18 U.S. §1509 and 18 U.S. §1511, 18 U.S. §371 and  New York State Art. 195.05 of Penal code, and have acted knowing, willfully, deliberately, recklessly, unlawfully, in an attempt to hinder the fact finder's fair adjudication of the case and his adversary's defense of the action, lied to the Courts, committed perjury, Suborns perjury, fabricates evidence to the courts, engage in conduct involving dishonesty, fraud, deceit, misrepresentation, deceit, collusion, consents to any deceit, collusion, with intent to deceive the court and any party . . .,  and other misconduct of an adverse party. Further, more, police officers John Doe 1, John Doe 2, John Doe 3, John Doe 4, knowing, maliciously, acted, willfully, deliberately, recklessly, and unlawfully, conspired  with Jerry Gottesman successor John Doe or Jane Doe, in their own individual capacity and as agent of the Edison properties LLC and Manhattan mini Storage, Officer of the courts Laws Firm Sperber

$\mathscr{1}$

Denenberg & Kahan, P.C., and Steven B. Sperber, Esq.,work outside of its Corporation charter, committing fraud upon the court, Judicial Frauds and Fraud upon the Article III, §2, cl. 1 and cl 2, of the Constitution for the United States for America,  and the State of New York Constitution and Violated the federal and state legislature statues, acts, its corporation charter by law and conspired to evade and overthrow lawful authority of Article III, §2, cl. 1 and cl 2, of the Constitution for the United States for America, and the State of New York Constitution and the federal and state legislature statues,acts, the United States Constitution Article VI Clauses 2, and 3, Equal protection under Fourteenth Amendments and due process guaranteed and proceeding due process by the Fifth and Fourteenth Amendments to the United States Constitution of Respondent- Tenant (Robert Simon) by Sade illegal lock out which constitute State action under the New York Uniform Commercial Code, lien laws. Moreover, Robert Simon was deprivation of property without due process of law, in violation of the Fourteenth Amendment, Americans With Disabilities Act (ADA). Pub. L. No.101-336, 104 Stat. 327 (1990) (codified at 42 U.S.C. § 12101–12213 (1994)), under the ADA Acts, Civil rights 42 U.S.C. § 1983 and the fraud, conversion, Judicial laws, violation of the State's due process clause, and ouster of a tenant without any valid court order, to illegal lock out respondent tenant Robert Simon on January  11, 2018. The police officers John Doe 1, John Doe 2, John Doe 3, John Doe 4, Knew that Jerry Gottesman successor John Doe or Jane Doe, in their own individual capacity and as agent of the Edison properties LLC and Manhattan mini Storage,violation of CPLR Section 321(a) "Which state that Corporation shall not practice Law". The 'practice of the law' is hereby defined to be and is the appearance as an advocate in a representative capacity or the drawing of papers, pleadings or documents or the performance of any act in such capacity in connection with proceedings pending or prospective before any court of record, commissioner, referee or any  body, board, committee or commission constituted by law as having authority to settle controversies. The 'law business' is hereby defined to be and is the advising or counselling for a valuable consideration of any person, firm, association or corporation as to any secular law or the drawing or the procuring of or assisting in the drawing for a valuable consideration of any paper, document or instrument affecting or relating to secular rights or the doing of any act for a valuable consideration in ' a representative capacity, obtaining or tending to obtain or securing or tending to secure for any person, firm, association or corporation any property or property rights whatsoever.Furthermore, the Laws Firm Sperber Denenberg & Kahan, P.C., and Steven B. Sperber, Esq., upon knowing, maliciously, acted, willfully, deliberately, recklessly, unlawfully have committed fraud up this Court, Judicial Frauds and fraud upon the constitution for the united  states of America and federal and state legislature statues, acts, violation of corporation charter and its by law and conspired to evade and overthrow lawful authority. The Laws firm Sperber Denenberg & Kahan, P.C., Steven B. Sperber, Esq., upon knowing, maliciously, acted, willfully, deliberately, recklessly, unlawfully conceal his neglect, made several "false and fraudulent material misrepresentations to the Court to obtain a Judgment and a warrant. Furthermore, The Laws firm Sperber Denenberg & Kahan, P.C., Steven B. Sperber, Esq., upon knowing, maliciously, acted, willfully, deliberately, recklessly, unlawfully have deprived respondent of the opportunity to present his claim or defense to the court; kept respondent at ignorant, from attorneys own negligence, fraudulently prevented respondent from fully participating in the proceeding and concealment of the existence of a Judgment and a warrant, failure to give notice of the action to the respondent, and convincing the respondent not to obtain counsel because the matter will not proceed (and then it does proceed), preventing the respondent from having his day in court. See attached hereto Tony Garcia Transcriber Recording and Judge Carolyn Walker Diallo, Decision/order Dated 6-19-2018

II.The nature of the claim:On June 22, 2018, on or about 8:00 AM, The Common Pantry, 8 East 109 Street, New York, NY 10029 conspired with Jerry Gottesman successor John Doe or Jane Doe, in their own individual capacity and as agent of the Edison properties LLC and Manhattan mini Storage, to obstruct justice and deprive Robert Simon of his day in court by stealing his backpack containing his laptop and legal documents and evidence of the crimes committed as stated above herein. Then Mr. Welch, an employee of The Common Pantry, took Robert Simon's backpack with the laptop and evidence and handed it to undercover police officer to hinder Robert Simon's right to fight the above

2

mentioned fraud and work outside of its Corporation charter, committing fraud upon the court, Judicial Frauds and Fraud upon the Article III, §2, cl. 1 and cl 2, of the Constitution for the United States for America, and the State of New York Constitution and Violated the federal and state legislature statues, acts, its corporation charter by law and conspired to evade and overthrow lawful authority of Article III, §2, cl. 1 and cl 2, of the Constitution for the United States for America, and the State of New York Constitution and the federal and state legislature statues,acts, the United States Constitution Article VI Clauses 2, and 3, Equal protection under Fourteenth Amendments and due process guaranteed and proceeding due process by the Fifth and Fourteenth Amendments to the United States Constitution of Respondent- Tenant (Robert Simon) by Sade illegal lock out which constitute State action under the New York Uniform Commercial Code, lien laws. Moreover, Robert Simon was deprivation of property without due process of law, in violation of the Fourteenth Amendment, Americans With Disabilities Act (ADA). Pub. L. No.101-336, 104 Stat. 327 (1990) (*codified* at 42 U.S.C. § 12101–12213 (1994)), under the ADA Acts, Civil rights 42 U.S.C. § 1983 and the fraud, conversion, Judicial laws, violation of the State's due process clause, and ouster of a tenant without any valid court order, to illegal lock out respondent tenant Robert Simon on January 11, 2018. Furthermore, Robert Simon called 911, after, officers John Doe and Jane Doe arrived at the basement of The Common Pantry, where the officers were told by Robert Simon that the employee, Mr. Welch, stole Robert Simon's backpack containing his laptop and evidence and several hard drives and ten usb flash drives and twelve 128 gigabyte sd cards and one 258 gigabyte sd card and two portable battery chargers and several cables and wires and electronic equipment to charge phones and laptop, and a tablet. After the police officers claimed they checked video surveillance, they stated that they did not view Robert Simon with a backpack entering into the building The Common Pantry. Then both officers, John Doe and Jane Doe, told Robert Simon that "you will not get a written complaint." Today, June 25, 2018, Robert Simon was given access to the security video of him coming into The Common Pantry without the backpack on and I realized the video was altered to show myself without the backpack on my back.

3. The time when, the place where and the manner in which the claim arose: On or about 10:00 AM, on March 26, 2018, at 570 Riverside Drive New York, New York 10031.

II. On June 22, 2018, on or about 8:00 AM, The Common Pantry, 8 East 109 Street, New York, NY 10029.

4. The items of damage or injuries claimed are:
Treble damage for fraud upon the Court, punitive damage, for fraud upon the Constitution for the United State of America, and fraud upon the New York State Constitution, for abusive of process damage 3 Malicious prosecution damage , treble damages for breach of contract/ occupancy lease agreements, for compensatory damage , for violation of constitutional due process protection under the 14th Amendment. (US Const 14th Amend; NY Const, art I, § 6; and the 14th Amendment Equal protection of the laws for damage, Federal and State Civil Rights Laws 42 U.S.C. Section 1983 violation , Liquidated damages, violation Americans With Disabilities Act (ADA). Pub. L. No.101-336, 104 Stat. 327 (1990) (*codified* at 42 U.S.C. § 12101–12213 (1994)), Under N.Y. Exec. Law § 296(2)(c)(i), under the ADA Acts, Title II of the ADA provides that "no qualified individual with a Disability.

II. The items of damage or injuries claimed are: Treble damage for fraud upon the Court, punitive damage, for fraud upon the Constitution for the United State of America, and fraud upon the New York State Constitution, for abusive of process damage 3 Malicious prosecution damage , treble damages for breach of contract/ occupancy lease agreements, for compensatory damage , for violation of constitutional due process protection under the 14th Amendment. (US Const 14th Amend; NY Const,

3

art I, § 6; and the 14th Amendment Equal protection of the laws for damage, Federal and State Civil Rights Laws 42 U.S.C. Section 1983 violation , Liquidated damages, violation Americans With Disabilities Act (ADA). Pub. L. No.101-336, 104 Stat. 327 (1990) (*codified* at 42 U.S.C. § 12101–12213 (1994)), Under N.Y. Exec. Law § 296(2)(c)(i), under the ADA Acts, Title II of the ADA provides that "no qualified individual with a Disability.

5. TOTAL AMOUNT CLAIMED: $432 million.

II. TOTAL AMOUNT CLAIMED: $50 billion.

Dated: June 25, 2018

Pro se Respondent tenant Robert Simon

1280 East 5 Ave New York, NY 10029

646-750-3254

Sworn to before me this 25 day

of Jun, 2018

MICHAEL W HOFMANN
Notary Public – State of New York
NO. 01HO6370704
Qualified in Westchester County
My Commission Expires Feb 5, 2022

4

## TranscribeMe

Transcription details:

| | |
|---|---|
| Date: | 09-May-2018 |
| Input sound file: | Manhattan storage.m4a |

Transcription results:

[silence]

S1 00:18    How ya doing?

S2 00:19    Hey. How ya doing today?

S1 00:19    Good.

S2 00:21    [inaudible]

S1 00:22    [inaudible] my storage. It's over here. I cannot get the [inaudible] record. [inaudible] get to my storage.

S3 00:35    [inaudible]

S1 00:35    Huh?

S2 00:36    Do you have your phone with you?

S1 00:36    Yeah.

S3 00:37    Can I help you with something?

S1 00:38    I want to get to my storage.

S3 00:40    You can't get to your storage because you've been coming into the storage space. You need to [inaudible] to your room.

S1 00:44    Why?

S3 00:45    Because that's [inaudible] one healthy makes.

S1 00:48    [inaudible] I go talk to [inaudible]

S3 00:54    So he's not responsible? If Tony's not there [inaudible]

S1 00:57    You got to tell Dr. [inaudible]?

S3 00:59    They said to call Dr. [inaudible], yes.

S1 01:01    Say what? I'm locked out?

S3 01:04    You could be evicted.

S1 01:05    I'm being evicted?

S3 01:06    Mm-hmm.

S1 01:07    So I'm locked out of my storage?

S3 01:09    You've been locked out of your space. If you get access to the [inaudible] space you need to--

Transcribe Me!

| | |
|---|---|
| S1 01:12 | Am I locked out of my space or not? |
| S3 01:14 | Yes you are. |
| S1 01:15 | And so who are [inaudible]? |
| S3 01:18 | [inaudible], yes. |
| S1 01:19 | [inaudible]. Okay. What's your name, sir? Louis? |
| S2 01:30 | Yup. Mm-hmm. You need to speak with Tony. He'll be here tomorrow morning and-- |
| S1 01:34 | I got to speak to Tony. All right. Locked out of my storage since January 12th and now we're in March. March 26th. I'm still locked out of my storage. |
| S3 01:54 | No. You came back. Tony gave you a date to [inaudible]-- |
| S1 01:59 | You gave me a date from not properly serving. |
| S3 02:02 | Okay. |
| S1 02:02 | Okay? And you locked out [inaudible]. Am I locked out of my storage? [inaudible] |
| S3 02:07 | Yeah. |
| S1 02:08 | [inaudible] so like I said. I've been locked since January 12th. |
| S? 02:15 | [inaudible] |
| | [silence] |
| S1 02:44 | Excuse me. |
| S3 02:44 | Yes sir? |
| S1 02:48 | Disbelief. Absolute disbelief. I'm a man in storage. And I'm locked out of my storage. |
| S2 02:55 | Excuse me? |
| S1 02:57 | What's the address here? |
| S3 02:58 | 570 Riverside Drive. |
| S1 03:00 | 570 Riverside Drive. |
| S4 03:03 | [inaudible] |
| S1 03:05 | Yeah. Excuse me? |
| S4 03:08 | Yes. You have gone on [inaudible]-- |
| S1 03:11 | What's the cross street? |
| S3 03:14 | 134th and Riverside Drive. |
| S1 03:15 | 134th and Riverside Drive. |
| S5 03:21 | [inaudible] |
| S1 03:26 | Yes. But you see I'm a [inaudible] I got it in my hand. I'm been locked out since January 12th. January 12th to present right now. |
| S5 03:34 | [inaudible] |

TranscribeMe!

| | |
|---|---|
| S1 03:36 | Yeah. Yeah. It's right there. I'm in the storage. She told me I'm locked out. [inaudible] Yeah. Okay. Okay. Now this side. |
| S5 03:49 | [inaudible] |
| S1 03:51 | Yeah I'm locked out this side my storage. I'm in the building but I'm locked out of my-- I can go up to the elevator. They cancelled my key and locked my storage. I can't get to my storage. |
| S3 03:58 | Oh no I did not. Call 426 and speak to Caid. He knows more. |
| S5 04:02 | All right. What's his location? Here in the lobby? |
| S1 04:05 | In the lobby. Yeah. |
| S5 04:10 | [inaudible] |
| S1 04:12 | Tony the manager. Tony-- who locked me out? You or Tony? |
| S3 04:17 | Tony didn't lock you out. You have a balance on your account number one. And you need to-- |
| S1 04:20 | Okay. Please say Tony locked me out. My mom, she's coming from legal. Who locked me out? |
| S3 04:25 | So you have a balance on your account and you're [inaudible] eviction. |
| S1 04:28 | Who--? |
| S3 04:29 | You have any issues you need to contact Tony [crosstalk} |
| S1 04:30 | Listen. The cop needs to know who locked me out. She doesn't want to tell me who locked me out. She want--there's no injuries. No. Just-- I'm damaged. I've got that scratch on my back. For now I need to get my clothes. Get my medicine. They want me to let me in my storage but I got to move. And I don't want to move. Unless I get a court order. See she got a court order-- get a court order. |
| S3 04:56 | [inaudible] |
| S1 04:57 | Simon. First name is Robert. 646-750-3254. |
| S3 05:07 | So that is the telephone number on the account? |
| S1 05:09 | Yeah. Thank you. |
| S3 05:22 | [inaudible]. How can I help you? |
| | [silence] |
| S3 05:43 | And to the [inaudible] try everything. We charge for garbage disposal and it will be based on what you have in the space. Call 1-800-[inaudible]. |

**Transcribe Me!**

s:

11-May-2018

file:

VN-2018-05-05-01-46-52.mp3

:s:

Hi [inaudible] Mr. Robert Simon. This is Tommy Garcia calling from [inaudible] Storage, uh, over at 134 [inaudible] Riverside Drive where your storage locker [inaudible] is. I'm following up with you in reference to the [inaudible] that was sent to you, uh, back in the month of September. Um, your last day of ownership and access was January 11th, so it was about 30 days ago. And I wanted to touch base and get a follow-up on you of when you can expect to vacate the space. Um, could you [inaudible] return my call back as soon as you get this message? The number for you to reach me back at is 212-234-6353. Once again, 212-234-6353. Thank you, and take care.

1

Exhibit "5"

# FEDERAL BUREAU OF INVESTIGATION

## 26 Federal Plaza, New York, NY 10278

## Complaint Form

Date: 1/30/19.    Time: 1353 hrs
1:53pm

**Complainant Information:**

**Name:** Robert Simon    **Telephone:** 646-750-3254 **DOB:** 6-22-1954

**Language Spoken:** English USA

**Address:** 1280 East Fifth Avenue, Apartment 8D
New York, NY 10029

**Name of Employer:** None

**Facts of Complaint:** This is the complaint and affirmation of
Robert Simon, stating under penalty of perjury, obstruction
of justice and violation of civil rights and constitutional
rights and privilege and regarding the facts stated below.

On or about January 24, 2019, New York City Department of
Homeless Services, DHS, 33 Beaver Street, 17 Floor, New York,
NY 10004, improperly disclosed my confidential information,
including my location in the shelter system at Missionaries of
Charity, Queen of Peace Home, 344 East 146 Street, Bronx, NY
10451, to two ex-cops, which conducted illegal search and
seizure of my property by these two ex-cops, Page 1 of 5,
Continue to next page 2 attached to FBI Complaint Form. Also
see attached Notice of Appeal and District Court Order
attached to FBI Complaint Form.

**How did complainant learn of this information?** Firsthand.

**Complaint taken by P.O.:** Carney    **Shield #** 1145
Page 1                                    3/19/19    2:53 PM

Two ex-cops, Jose John Doe 1, "Jose," and Hector John Doe 2, "Hector", have been stalking, threatening me, and burglarizing my property and legal documents at many storage locations. Items include  and are not limited to: computer hardware, software, court documents, notes, recording evidence stating the aforementioned, letters I sent to New York State Commisioner of the Department of Homelessness notifying that shelter psychiatry workers and case managers asked that I falsify my mental status in order to obtain permanent housing and for the purpose of obtaining through fraud funding from federal and state authorities, dating back to 2010.

Shelters involved where I stayed include, Kenmore, 145 E 23rd Street, New York, NY 10010, Bowery Residents' Committee, 121 West 25 Street, New York, NY 10001, McKinney's Shelter, Greenpoint, NY, Urban Pathways, Inc., 575 8 Avenue, 16 Floor, New York, NY 10018, Goddard Riverside Community Center, 593 Columbus Avenue, New York, NY 10024, where they refused to shelter me after seeing me for two weeks outside at 109 Street and Fifth Avenue.

Those from Goddard Riverside Community Center approached me and persuaded me to enter their offices to receive help and to be placed in a shelter. I went and signed medical release papers as I was instructed to do so by them. I refused to sign papers, presented in incomplete and random, stating I am mentally ill, bipolar. They explained to me that is how they make money. After three hours of arguing that I should sign, the workers said I should leave and that they will visit me at a later time at 109 Street and Fifth Avenue. They never came back or called me. To this day, I am still homeless.

While seated in the public space across from Grand Central Terminal, 42 Street, I was approached by a member of One City Mission, 123 West 31 Street, 15 Floor, New York, NY 10001, director Salvatore Snaiderbaur. He referred me to Missionaries of Charity, Queen of Peace Home, 344 East 146 Street Bronx, NY 10451.  I went there and was told to sign a contract for a stay of 21 days. I signed and they refused to provide me a copy, as I demanded by law. I then was required by the contract to surrender my backpack. I surrendered my property on or about 4:30 PM daily for 21 days to Queen of Peace Home. One man who would take all my property is named Tucker Brown, a volunteer at Queen of Peace Home.

On or about January 26, I discovered many  items missing from my bag. My laptop was also hacked and the password was changed. When I confronted  the nuns, on or about January 27 at Queen of Peace Home, they denied entering my bag and tampering with my laptop. I then exited the building. Ten minutes after, I arrived to to the corner of 146 Street, Third Avenue and saw in a car, Cadillac Escalade, beige color, two former officers who were fired from New York Police Department for posession of extra unissued guns while on duty, and stealing drug money from drug raids done with New York Police Department. I know this because they confessed their criminal activity to me when they approached me in the library on or about year 2014, where they told me they were employed by NYPD specifically to hack computers, phones, and break in people's cars and houses to obtain data.

The following day I asked Tucker about my bag. He told me the two men each displayed NYPD shield badges to gain access into Queen of Peace Home, where the nuns allowed the two men to conduct an illegal search of my bag and phones. Tucker confirmed my physical discription of the

two fired officers. I then explained to Tucker the true identity of the former cops. Tucker displayed astonishment in his face. Tucker said he had no part in what happened but that he knew of what happened, the illegal search of my phone and my bag. He told me the Indian man was on duty, John Doe.

I told Tucker that my flash drives, with the brief, Case Title, Manhattan Mini Storage LLC, Plaintiff-Appellate, v. Robert Simon, Defendant-Appellant, Docket Number 18-3491, United States Court of Appeals for the Second Circuit, was illegally taken. The file assembled as record to be submitted to the court for appeal was also taken.

After my illegal lockout and illegal eviction and illegal auction or destruction of my property, I obtained a new storage space to put property that I have retained while locked out of my storage space, the storage space being subject of the mentioned court case. I obtained a new storage Monday, December 3, 2018, at Big Apple Mini Storage, Inc. East, at 119 East 124 Street, New York, NY 10035. Thereafter, Jose and Hector have been breaking in to my storage.

Thereafter, I received a phone call from Hector, height five foot three inches, weight 150 pounds, stating do not go calling police because the New York State Court and the City of New York and New York Police Department sent him to retrieve any material documents and property regarding the above mentioned court case, docket number 18-3491, involving Manhattan Mini Storage and Robert Simon, myself.

Missing from my bag are several SD cards containing recording information incriminating Manahattan Mini Storage involving the above mentioned court case, SD cards containing my personal recording of all mentioned shelter agencies case workers and directors and psychiatry workers telling me to falsify my mental status, to state that I am mentally ill when I am not, to obtain federal funds for their corporation, and in return for false admission, to provide me an apartment. Flash drives containing much data and cd copies of video of illegal action taken my New York City police, also involved in the mentioned court case, is also missing from the items of my bag.

Recently, my two new phones have been hacked and all the research to perfect my appeal for the Second Circuit Court has been hacked and deleted. That is a total of four phones that have been hacked. See attached notice of appeal accompanied with this sworn statement.

With respect to FBI Agent Carney signing and dating complaint form January 30, 2019, and submitting the form to me to state the facts of my complaint, due to my disability, I retained assistance in stating my complaint, where my assistant could no further assist me for one month, due to his falling ill, and this is why the form is being submitted with attached notice of appeal with void court order, this date March 18, 2019.

Bulloch v. United States, 763 F.2d 1115 (1985), the court held, "It is beyond question that a federal court may investigate a question as to whether there was fraud in the procurement of a judgment. Universal Oil Products Co. v. Root Refining Co.,328 U.S. 575, 66 S.Ct. 1176, 90 L.Ed. 1447. This is to be done in adversary proceedings as in the case before us. See Hazel-Atlas Glass Co. v.

Hartford-Empire Co., 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250; Sprague v. Ticonic National Bank, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184; and United States v. Throckmorton, 98 U.S. (8 Otto) 61, 25 L.Ed. 93.

Fraud on the court (other than fraud as to jurisdiction) is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury. It has been held that allegations of nondisclosure in pretrial discovery will not support an action for fraud on the court. H.K. Porter Co., Inc. v. Goodyear Tire & Rubber Co., 536 F.2d 1115 (6th Cir.). It is thus fraud where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function — thus where the impartial functions of the court have been directly corrupted.

The basic decisions of the Supreme Court are Throckmorton, Hazel-Atlas,and Universal Oil Products, cited above. These cases considered the basic issues raised in cases to set aside judgments and demonstrate with Marshall v. Holmes, 141 U.S. 589, 12 S.Ct. 62, 35 L.Ed. 870, the nature of the fraud and the proof required for relief as set out in the preceding paragraph."

"A judge is an officer of the court, as well as are all attorneys. A state judge is a state judicial officer,paid by the State to act impartially and lawfully. A federal judge is a federal judicial officer, paid by the federal government to act impartially and lawfully. State and federal attorneys fall into the same general category and must meet the same  requirements. A judge is not the court.

People v. Zajic, 88 Ill.App.3d 477, 410 N.E.2d 626 (1980).
"Fraud upon the court" occurs whenever any officer of the court commits fraud before a tribunal.  A judge is not a court; he is under law an officer of the court, and he must not engage in any action to deceive the court. Trans Aero Inc. v. LaFuerga Area Boliviana, 24 F.3d 457 (2nd Cir. 1994); Bulloch v. United States, 763 F.2d 1115, 1121 (10th Cir. 1985) (fraud upon the court exists "where the judge has not performed his  judicial duties").

Whenever any officer of the court commits fraud during a proceeding in the court, he/she is engaged in "fraud upon the court".  In Bulloch v. United States, 763 F.2d 1115, 1121 (10th Cir.1985), the court stated "Fraud upon the court is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury. ... It is where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function --- thus where the impartial functions of the court have been directly corrupted."

 "Fraud upon the court" has been defined by the 7th Circuit Court of Appeals to "embrace that species of fraud which does, or attempts to, defile the court itself, or is a fraud perpetrated by officers of the
court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." Kenner v. C.I.R., 387 F.3d 689 (1968); 7 Moore's Federal Practice, 2d ed., p. 512, ¶ 60.23. The 7th Circuit further stated "a decision produced by fraud upon the court is not in essence a decision at all, and never becomes final."

What effect does an act of "fraud upon the court" have upon the court proceeding? "Fraud upon the court" makes void the orders and judgments of that court. The U.S. Supreme Court has consistently held that a void order is void at all times, does not have to be reversed or vacated by a judge, can not be made valid by any judge, nor does it gain validity by the passage of time. The order is void ab initio.

Vallely v. Northern Fire & Marine Ins. Co., 254 U.S. 348, 41 S.Ct. 116 (1920). "Fraud destroys the validity of everything into which it enters," Nudd v. Burrows (1875), 91 US 426, 23 Led 286, 290; particularly when "a judge himself is a party to the fraud," Cone v. Harris (Okl. 1924), 230 P. 721, 723. Windsor v. McVeigh (1876), 93 US 276, 23 Led 914, 918.

1 Timothy 2:2-5
2 For kings, and for all that are in authority; that we may lead a quiet and peaceable life in all godliness and honesty. 3 For this is good and acceptable in the sight of God our Saviour; 4 Who will have all men to be saved , and to come unto the knowledge of the truth. 5 For there is one God, and one mediator between God and men, the man Christ Jesus;"

Sworn to me on 13th day of March 2019
by Robert Simon

Antonina Guryeva

ANTONINA GURYEVA
Notary Public - State of New York
NO. 01GU6382374
Qualified in Kings County
My Commission Expires Oct 22, 2022

District Court of the United States
In the Southern District of New York
_____X
Manhattan min Storage LLC,

                                    Plaintiff,              NOTICE OF APPEALS

                                                           CIVIL REMOVAL ACTION

                    -against-                              Docket No. 18-CV-6027 (LLS)

Robert Simon

                                    Defendant.
_____X

    NOTICE IS HEREBY GIVEN that Pro se defendant/Respondent, Robert Simon in the above-named case hereby appeal from each and every parts, in whole of the United States District Court Judge Louis L. Stanton Order dated October 22, 2018, which Manhattan min Storage LLC, corrupting United States District Court and Judge Louis L. Stanton in obtaining a fraudulently Void Order dated October 22, 2018, Manhattan min Storage LLC, outside of its Corporation charter, by Laws, upon fraud on the Article III, §2, cl. 1 and cl 2, of the Constitution for the United States for America, federal and state legislature statues, acts, and the Americans with Disabilities Act (ADA) and fraud upon the United States District Court Southern District of New York, Judge Louis L. Stanton, retained said remand order issued outside of the remand statute 28 U.S.C. Section 1447(c) and 28 U.S.C. Section 1447(d), with fully effective of error of laws and facts, and in violation of Federal Rule Civil producer, Rule 60(b)(3), and in violation of the Federal Rule of Evidences Rules . . . . As attached hereto is said United States District Court Southern District of New York, Judge Louis L. Stanton, order dated October 22, 2018, page 1 of 9, entered on or about dated October 22, 2018.

Dated: November _17_, 2018

County of New York

                                    _____
                                    Pro se Defendant/Respondent Robert Simon
                                    1280 5 Avenue, Apartment 8D New York, N.Y.
                                    10029. 646-750-3254

                        CERTIFCATE OF SERVICE

    1 Defendant/Respondent Robert Simon hereby certify under the penalty of perjury that on November _17_, 2018, I have served the Notice of Appeals, to the name herein below; by causing same to be placed in the United States mail, postage prepaid, and addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

    To: Sperber Denenberg & kahan, P.C. and Att: Steven B. Sperber, Esq.
48 West 37th Street, 16th floor New York, New York 10018 (917) 351-1335, Ext, 211
Dated: November _17_, 2018
County of New York

                                    _____
                                    Pro se Defendant/Respondent Robert Simon
                                    1280 5 Avenue, Apartment 8D New York, N.Y.
                                    10029. 646-750-3254

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MANHATTAN MINI STORAGE LLC,

    Plaintiff,

    -against-

ROBERT SIMON,

    Defendant.

---

18-CV-6027 (LLS)

ORDER

LOUIS L. STANTON, United States District Judge:

Defendant Robert Simon, appearing *pro se*, paid the relevant fees to remove a holdover

proceeding from the Civil Court of the City of New York, New York County. For the reasons set

forth below, the Court remands this action to the Civil Court of the City of New York, New York

County.

## BACKGROUND

Defendant's submissions to the Court are not models of clarity. Following is a summary

of the facts set forth in the notice of removal and exhibits (ECF Nos. 1, 1-1, and 1-2). Defendant

removes a holdover proceeding that was filed on March 2, 2018, by Plaintiff Manhattan Mini

Storage LLC against him in the Civil Court of the City of New York, New York County, under

Index No. LT-056730-18/NY. Plaintiff commenced the holdover proceedings against Defendant,

seeking to evict him from a storage unit after the termination of his month-to- month tenancy.

After Defendant failed to appear in the action, the state court granted Plaintiff a default judgment

and Plaintiff obtained a warrant of eviction against Defendant. Defendant asserts that he first

became aware of the holdover proceedings on March 26, 2018, when he appeared at the storage

unit and was informed by Plaintiff's employee that "he no longer had access to the storage space

because [he had] been evicted [on] January 11, 2018." (*See* ECF No. 1-1 at 1.) Plaintiff's

Case 1:18-cv-06027-LLS   Document 8   Filed 10/22/18   Page 2 of 9

employee then obtained faxed copies of the notice of the proceeding and the holdover petition

and proceeded to serve Defendant with the documents. On April 11, 2018, Defendant appeared

before the state court to challenge the eviction, and on May 16, 2018, he filed an order to show

cause, seeking to vacate the judgment and restore the action to the court's calendar. On June 19,

2018, the state court vacated the default judgment and adjourned the matter for trial.

On July 2, 2018, Defendant filed this notice of removal, removing the holdover

proceedings to this Court. Citing to a litany of statutes and cases, Defendant contends that "the

case involves a question of federal constitutional law." (ECF No. 1 at 3.) He further invokes the

Court's diversity jurisdiction, asserting that the parties are citizens of different states and that the

amount-in-controversy requirement is met. Defendant also claims that the notice of removal is

timely filed because he was never served in the state-court action.

Defendant attaches numerous exhibits to the notice of removal, including the following

documents: the notice of the holdover petition; the holdover petition; his May 16, 2018 order to

show cause to vacate the default judgment; his June 12, 2018 rebuttal affidavit to Steven B.

Sperber's – Plaintiff's attorney – affirmation in opposition to the motion to vacate the default

judgment; a June 19, 2018 state-court order, which vacated the default judgment, restored the

action to the court's calendar, and adjourned the matter for trial; transactions relating to the

storage unit; and letters concerning his disability and medical care. On July 12, 2018, Sperber

entered a notice of appearance in this action. Defendant then filed a "Reply Affidavit to Steven

B. Sperber, Esq., Letter" in response to Sperber's notice of appearance.

## DISCUSSION

### A.    Improper Removal

A defendant in a state-court action may remove the matter to federal district court if the

district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). The right of removal

is "entirely a creature of statute" and the "statutory procedures for removal are to be strictly construed." *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002). If there is a defect in the removal procedure, courts are authorized to remand a case to the state court in which the action originated. 28 U.S.C. § 1447(c); *see also LaFarge Coppee v. Venezolana De Cementos, S.A.C.A.*, 31 F.3d 70, 72 (2d Cir. 1994). The removing party bears the burden of demonstrating that the removal was procedurally proper. *See Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 171 (S.D.N.Y. 2003).

### 1.      Notice of Removal is Deficient and Untimely

Under 28 U.S.C. § 1446, which sets out the procedure for removal of a civil action, a defendant removing an action to federal district court is required to file "a short and plain statement of the grounds for removal" and "cop[ies] of all process, pleadings, and orders" that were served upon him. 28 U.S.C. § 1446(a). In addition, a notice of removal must be filed within 30 days of the defendant's receipt of a pleading, motion or other paper indicating grounds for removal. 28 U.S.C. § 1446(b).

Defendant has not complied with this statutory procedure. First, Defendant does not provide a short and plain statement of the specific grounds upon which this case may be removed. Rather he submits essentially a complaint against Plaintiff, citing to criminal statutes, the Americans with Disabilities Act, 42 U.S.C. § 1983, and various case law, making it difficult to understand the nature of the state-court action and any basis for the removal.

Second, Defendant's notice of removal is not timely filed. As noted above, a defendant removing an action to federal district court is required to file a notice of removal within 30 days of that defendant's receipt "of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be

3

serviced on the defendants, which ever period is shorter." 28 U.S.C. § 1446(b)(1). A notice of

removal also may be filed "within 30 days after receipt by the defendant . . . of a copy of an

amended pleading, motion, order or other paper from which it may first be ascertained that the

case is one which is or has become removable." *Id.* § 1446(b)(3); *see Somlyo v. J. Lu-Rob*

*Enters., Inc.,* 932 F.2d 1043, 1046 (2d Cir. 1991) (holding that the thirty-day deadline for a

notice of removal under § 1446(b) is mandatory and rigorously enforced), *superseded on other*

*grounds by rules,* Fed. R. Civ. P. 5(d)(4), 83(a)(2), *as recognized in Contino v. United States,*

535 F.3d 124, 126-27 (2d Cir. 2008) (per curiam); *see also Vill. of Chestnut Ridge v. Town of*

*Ramapo,* No. 07-CV-9298 (KMK), 2008 WL 4525753, at *3 (S.D.N.Y. Sept. 30, 2008) ("[The]

thirty-day limitation has a dual purpose: first, it forecloses a defendant from adopting a wait and

see approach in the state court; second, it minimizes the delay and waste of resources involved in

starting a case over in federal court after substantial proceedings have taken place in the state

court.") (internal quotation marks and citation omitted).

Here, Defendant removes a holdover proceeding that was filed on March 2, 2018, in state

court. He argues that the notice of removal is timely because Plaintiff never served him with the

state-court action. Even if that were the case, Defendant fails to show that he filed this action

with 30 days after receiving a document from which he could ascertain that the case is

removable. Defendant asserts that he became aware of the holdover proceeding against him

when he attempted to access the storage space on March 26, 2018, and that Plaintiff's employee

then served him faxed copies of the notice of the proceeding and the holdover petition. Thus, he

had knowledge of the state-court case by the latest, on March 26, 2018, and presumably could

then ascertain whether it was removable. Yet, Defendant waited until July 2, 2018, more than 30

days after, to file his notice of removal. Defendant therefore did not timely file this notice of removal.

### 2. Lack of Jurisdiction

Even if Defendant did satisfy these requirements, he fails to establish any jurisdictional basis for this matter. A defendant in a state court action may remove a matter to federal district court only if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). The burden of establishing federal jurisdiction is on the defendant [in the state court action], "and any doubts about jurisdiction should be resolved against removal." *Citibank, N.A. v. Swiatkowski*, No. 12-CV-0196, 2012 WL 542681, at *2 (E.D.N.Y. Feb. 21, 2012) (citing *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007)).

Defendant has failed to meet his burden of showing that this Court has subject matter jurisdiction over this matter. He fails to establish that the state-court action could originally have been commenced in federal court. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 591 (2005) ("The Supreme Court has interpreted [28 U.S.C.] § 1441 to prohibit removal unless the entire action, as it stands at the time of removal, could have been filed in federal court in the first instance."). Removal based on federal question jurisdiction is proper "only if the federal question appears plainly on the face of a 'well-pleaded complaint.'" *Fax Telecommunicaciones Inc. v. AT & T*, 138 F.3d 479, 486 (2d Cir. 1998). "[A] federal defense cannot serve as a basis for federal jurisdiction." *Int'l Tin Council v. Amalgamet Inc.*, 645 F. Supp. 879, 881 (S.D.N.Y. 1986). This is because removability is assessed by reviewing the four corners of a plaintiff's complaint, and a defendant's counterclaim or affirmative defense is not part of a plaintiff's properly pleaded statement of his claim. *See Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998).

Plaintiff's holdover petition does not indicate that Plaintiff was pursuing some federal

claim against Defendant in the state court action. Rather, Plaintiff simply sought to evict

Defendant from the storage space after the termination of his month-to-month tenancy and

sought damages in the amount of $1,211.00. But Defendant asserts that this action is removable

because Plaintiff has allegedly violated a litany of federal laws and criminal statutes. He cites to

multiple criminal statutes and case law, invokes the protections of various titles of the Americans

with Disabilities Act, and asserts that Plaintiff is "liable to [him] under 42 U.S.C. § 1983 for

purported deprivation of their [sic] procedural and substantive rights under the Due Process

Clause of the Fourteenth Amendment to the U.S. Constitution." (ECF No. 1 at 3.) Those claims,

however, do not appear on the face of Plaintiff's state-court pleadings, and thus cannot be the

basis for removal.

Defendant also invokes the Court's diversity jurisdiction, asserting that he is a citizen of

New Jersey and suggesting that Plaintiff is a citizen of New York. Federal courts can exercise

diversity jurisdiction when the plaintiff and defendant in an action are citizens of different states

and the amount in controversy exceeds the sum of $75,000.00. *See* 28 U.S.C. § 1332. But

Defendant's assertions are insufficient to plead the citizenship of either party. For diversity

purposes, the citizenship of a limited liability corporation like Manhattan Mini Storage LLC

depends on the citizenship of its members, *see Bayerische Landesbank v. Aladdin Capital Mgmt.*

*LLC*, 692 F.3d 42, 49 (2d Cir. 2012) (holding that a limited liability corporation "takes the

citizenship of each of its members" for diversity purposes), and Plaintiff fails to plead any facts

about its members or their domiciles. In addition, although Plaintiff asserts that he is a citizen of

New Jersey, citing to *Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) ("An individual's

citizenship, within the meaning of the diversity statue, is determined by his domicile."), it is

6

unclear whether he is actually domiciled in New Jersey.[1] Defendant provides a Manhattan address in this notice of removal.

Finally, although Defendant asserts that the amount-in-controversy requirement is met – that the claim is in excess of the sum or value of $75,000.00 – his assertion is belied by Plaintiff's state-court petition. As provided in the holdover petition, Plaintiff only sought $1,211.00 in damages from Defendant, an amount well below the $75,000.00 threshold. *See Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir. 1999) (There is in this Circuit "a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy.").

Because Defendant fails to satisfy his burden of demonstrating that removal is proper, the action must therefore be remanded to the Civil Court of the City of New York, New York County. 28 U.S.C. § 1447(c); *see Quick v. Shell Oil*, 399 F. Supp. 2d 356, 362 (S.D.N.Y. 2005) ("If the removing party cannot establish its right to removal by competent proof, the removal is improper, and the district court must remand the case to the court in which it was filed." ).

**B.    Warning to Defendant**

Defendant is not a stranger to this Court. In 2012, he attempted three times to remove holdover proceedings from state court, and all three removal actions were remanded to state court. *See Kenmore Associates v. Simon*, No. 12-CV-4898 (LAP) (S.D.N.Y. Aug. 16, 2012) (*Simon III*); *Kenmore Associates, L.P. v. Simon*, No. 12-CV-3943 (LAP) (S.D.N.Y. June 20, 2012) (*Simon II*); *Kenmore Associates, L.P. v. Simon*, No. 12-CV-1326 (LAP) (S.D.N.Y. March

---

[1] Removal on the basis of diversity is statutorily prohibited under 28 U.S.C. § 1441(b)(2) if any "part[y] in interest properly joined and served as [a] defendan[t] is a citizen of the State in which [the] action is brought." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 90 (2005). If Plaintiff is a citizen of New York, he cannot remove this action to a federal district court in New York on the basis of diversity jurisdiction.

7, 2012) (*Simon I*). Because Defendant persisted in filing multiple improper notices of removal

after *Simon I* was remanded to state court, the Court warned him that should he continue to file

such duplicative actions, he will be ordered to show cause why he should not be barred from

filing future complaints *in forma pauperis* (IFP) without first obtaining leave of Court. *See*

*Simon III* (ECF No. 4 at 2); *Simon II* (ECF No. 11 at 2). Rather than heeding the Court's

warning, Defendant paid the filing fee for this latest notice of removal.

Based on Defendant's prior litigation, the Court finds that he was or should have been

aware that his notice of removal lacked merit when he filed it. *See Sledge v. Kooi*, 564 F.3d 105,

109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged

with knowledge of particular legal requirements). Defendant is warned that further duplicative or

frivolous litigation in this Court, whether IFP or fee-paid, will result in an order barring him from

filing any new actions without prior permission. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this

order to Defendant, and note service on the docket.

Because removal of this action is improper, it is remanded under 28 U.S.C. § 1447(c) to

the Civil Court of the City of New York, New York County. The Clerk of Court is directed to

close the action pending in this Court and send a certified copy of this order to the Civil Court of

the City of New York, New York County. All other pending matters are terminated.

Defendant is warned that further duplicative or frivolous litigation in this Court, whether

*in forma pauperis* or fee-paid, will result in an order barring him from filing any new actions

without prior permission. *See* 28 U.S.C. § 1651.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    October 22, 2018
         New York, New York

                                              *Louis L. Stanton*
                                              Louis L. Stanton
                                                U.S.D.J.

Exhibit "6"

S.D.N.Y.–N.Y.C.
18-cv-6027
Stanton, J.

# United States Court of Appeals

### FOR THE
### SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second
Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square,
in the City of New York, on the 23rd day of May, two thousand nineteen.

Present:

Denny Chin,
Susan L. Carney,
    *Circuit Judges,*
Brenda K. Sannes,
    *District Judge.* *

_____

Manhattan Mini Storage LLC,

    *Plaintiff-Appellee,*

v.                                                          18-3491

Robert Simon,

    *Defendant-Appellant.*
_____

Appellant, pro se, moves for leave to proceed in forma pauperis.   This Court has determined sua
sponte that it lacks jurisdiction over this appeal because the action was remanded to state court
pursuant to 28 U.S.C. § 1447(c).   *See* 28 U.S.C. § 1447(c), (d); *Shapiro v. Logistec USA, Inc.*, 412
F.3d 307, 310 (2d Cir. 2005).   Upon due consideration, it is hereby ORDERED that the appeal is
DISMISSED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court



_____

* Judge Brenda K. Sannes, of the United States District Court for the Northern District of New
York, sitting by designation.

Exhibit "7"



Court Name: District Court
Division Number: 465401285309
Receipt ID: Cortes 12/26/2018
Cashier Date: 12/26/2018
Trans-Name: ROBERT SIMON
Payer Name: ROBERT SIMON

NOTICE OF APPEAL/DOCKETING FEE
For: ROBERT SIMON
Amount:        $505.00

CASH
Amt Tendered:  $505.00
Total Due:     $505.00
Total Tendered: $505.00
Change Amt:      $0.00

18CV6487 LLS

VRS

(2.26.2018)

Exhibit "18"

USMAS
SDNY

UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007  Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

Docket Number(s): 18-3491

Caption [use short title]

Motion for: Extension of Time for panel Reconsideration to rein State Appeal and/or panel rehearing and/or rehearing

Set forth below precise, complete statement of relief sought:

The defendant Robert Simon Pro-se Seek an extension of time in of 20-days extension until September 02, 2019 in the Which to File a Petition for reconsideration to rein State Appeal and for a Petition for panel rehearing en banc.

Manhatton Mini' Storage LLC,
Plaintiff-Apellee,

-v-

Robert Simon,
Defendant-Appellant,

MOVING PARTY: Robert Simon Pro-se          OPPOSING PARTY: Marc I. Kunkin Sperber

☐ Plaintiff          ☐ Defendant

☒ Appellant/Petitioner   ☐ Appellee/Respondent

MOVING ATTORNEY: Robert Simon Pro-se          OPPOSING ATTORNEY: Marc I. Kunkin Sperber

[name of attorney, with firm, address, phone number and e-mail]

Robert Simon                              Marc I. Kunkin Sperber Denenberg
1280 East Fifth Avenue Apt 8D             Kahan, P.C., Hill Rivking LLP
New York, NY, 10029 646 780-3254          Suite 1500 45 Broadway NJ NJ,
                                          1006 16 Floor 45 West 37 Street
Court- Judge/ Agency appealed from: USDC SDNY          New York, NY, 10018

Please check appropriate boxes:                         FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:

Has movant notified opposing counsel (required by Local Rule 27.1):   Has this request for relief been made below?        ☒ Yes ☐ No
☒ Yes ☐ No (explain):                                                 Has this relief been previously sought in this court? ☒ Yes ☐ No
                                                                      Requested return date and explanation of emergency:

Opposing counsel's position on motion:
☐ Unopposed ☐ Opposed ☒ Don't Know
Does opposing counsel intend to file a response:
☐ Yes ☐ No ☒ Don't Know

Is oral argument on motion requested?  ☐ Yes ☒ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?  ☐ Yes ☒ No If yes, enter date: _____

Signature of Moving Attorney:
_____  Date: June 04, 20/9  Service by: ☐ CM/ECF ☒ Other [Attach proof of service]

Form T-1080 (rev. 12-13)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

------------------------------- X

MANHATTAN MINI STORAGE LLC,

    *Plaintiff-Appellee,*

    -v-

Robert Simon,

    *Defendant-Appellant.*

------------------------------- X

STATE OF NEW YORK     )
                   : ss.:
COUNTY OF NEW YORK  )
SOUTHERN DISTRICT OF NEW YORK )

AFFIRMATION IN SUPPORT
OF MOTION TO EXTEND
TIME TO FILE PETITION FOR
PANEL RECONSIDERATION
TO
REINSTATE APPEAL AND/OR
RECONSIDERATION TO
REINSTATE APPEAL EN BANC
AND/OR PANEL REHEARING
AND/OR REHEARING EN BANC

Docket #: 18-3491

Robert Simon, pursuant to Title 28, United States Code, Section 1746, hereby affirms, under penalty of perjury:

1.  I Robert Simon, pro se Defendant-Appellant am fully familiar with the facts of this case which were before the Southern District of New York and this Court herein.

2.  Pursuant to FRAP 35 and 40, any petition for panel rehearing or petition for panel reconsideration to reinstate appeal and or/ for panel reconsideration to reinstate appeal en banc and or/ panel rehearing and/or rehearing *en banc*, is required to be filed within 14 days.

3.  Additional time is needed for Robert Simon, pro se Defendant-Appellant to prepare any petition. I respectfully submit this affirmation in support of Robert Simon, Defendant-Appellant, for the motion of a 90-day extension of time within which to file any petition for panel reconsideration to reinstate appeal and/or for panel reconsideration to reinstate appeal en banc and/or panel rehearing and/or rehearing *en banc*, until September 02, 2019.

4.   I am pro se, lacking formal education and legal training. I have no legal resources at hand to perfect my appeal. I am relying on my own research and very limited legal resources to perfect my appeal and argument before any court. I am poor and homeless, living in the streets of New York City since on or about 2014 when I was illegally thrown out of Urban Pathways shelter unlawfully without any due process of law and I remain at present still in the street. I sleep in the train cars of New York City. I am disabled under the American Disability Act. My disabilities include sleep apnea, diabetes, high blood pressure, high cholesterol, gout, active sickle cell trait, and several more medical impairments also causing chronic pain as

"noted is underlying congenital narrowing of the spinal canal. Mild disc bulging is present at L1-2 through L3-4 with interval progression and there is increased facet joint and ligamentous hypertrophy which is marked L3-4, moderately severe at L2-3 and mild to moderate at L1-2. There is also prominent posterior epidural fat. Findings result in increased spinal canal stenosis which is marked at L2-3 and L3-4 and mild to moderate at L1-2. There is increased and moderately severe right and moderate left L3-4 foraminal stenosis with L3 nerve root compression.

There is increased and moderate L4-5 disc bulging and marked facet joint and ligamentous hypertrophy as well as small superimposed central and right-sided disc herniation, resulting in increased and very marked spinal canal stenosis as well as right greater than left lateral recess and bilateral foraminal stenosis with compression of L4 and L5 nerve roots.

There is a persistent mild to moderate disc bulging at L5-S1 with interval increase in size of small superiorly extruded central disc herniation and increased marked right and persistent mild to moderate left facet joint hypertrophy, resulting in mild spinal canal stenosis. There is increased and marked right foraminal stenosis compressing right L5 nerve root.

There is increased and moderately severe L4-L5 disc space narrowing and persistent mild to moderate disc space narrowing at L5-S1. Disc signal is prominently decreased on T2-

2

weighted images due to disc degeneration. There is heterogeneous signal in the surrounding marrow including hypointense at a on T1 and T2-weighted images as well as probable gaseous degeneration of the L5-S1 disc and subchondral cysts. Vertebral body heights are maintained and there are no surrounding masses or fluid collection in epidural or paraspinal space."

"Interval progression of degenerative changes resulting in increased congenital and acquired spinal canal stenosis, very severe L4-L5, marked L2-3 and L3-4, mild to moderate L1-2 and mild L5-S1. Small superiorly extruded central L5-S1 disc herniation is slightly increased in size and there is interval small central and right sided L4-5 disc herniation.

Moderately severe multilevel foraminal and lateral recess stenosis with nerve root compression.

Prominent endplate signal abnormality at L4-5 and L5-S1 has developed, likely related to advanced degenerative disc disease however subtle endplate compression fractures cannot be excluded and less likely superimposed infection cannot be excluded. Clinical/laboratory correlation is suggested."

5.  On May 23, 2019, a panel of this Court (Denny Chin, Susan L. Carney, Circuit Judges, Brenda K. Sannes, District Judge.) issued an order appellant, pro se, moves for leave to proceed in forma pauperis. This Court has determined sua sponte that it lacks jurisdiction over this appeal because the action was remanded to state court pursuant to 28 U.S.C. Section 1447(c). See 28 U.S.C. Section 1447(c), (d); Shapiro v. Logistec USA, Inc., 412 F.3d 307, 310 (2d Cir. 2005). Upon due consideration, it is hereby ORDERED that the appeal is DISMISSED.

6.  Here, Manhattan Mini Storage LLC has no right to claim protection under the Contracts Clause ( Constitution for the United States America  Article 1, Section 10, Clause 1.), due to the fact that Manhattan Mini Storage LLC was found to have worked outside of its scope Corporation Charter, when it drafted the 21 day termination notice dated on or about

3

December 21, 2018 in violation of CPLR Section 321(a). "Corporation should not practice law," and committed fraud upon Constitution for the United States America , compounded the violation of CPLR Section 321(a) and fraud upon Constitution for the United States America and the State of New York Constitution by making service of said 21 day termination Notice dated on or about December 21, 2018, and utilize and engage in scheme under the New York Uniform Commercial Code, lien laws Section 182, Article 7 of the Real Property Actions and Proceedings Laws.(RPAPL 711-749) and under federal criminal statutes 18 U.S. §1341, 18 U.S. §1342, 18 U.S.§1343, 18 U.S. §1346, 18 U.S. §1001, 18 U.S. §1002, 18 U.S. §1031, 18 U.S.§1037, 18 U.S.§1038, 18 U.S. §1016, 18 U.S. §1509 and 18 U.S. §1511, 18 U.S. §371, See, attached said 21 day termination Notice.

7. *Manhattan Mini Storage LLC has* "exceeded the authority conferred upon it by law, or has violated all provision of law whereby it has forfeited its charter, or carried on, conducted or transacted its business in a persistently fraudulent or illegal manner" under Section 1101(a)(2) of the Business Corporation Law. *If the power be granted for one purpose it is not proper* and. Therefore unconstitutional, to exercise it for a purpose either forbidden, or not within the scope of its granted powers. This is a fraud upon the Constitution of the United States and the State of New York Constitution and laws and the federal and state Rules and legislature statues, and acts. It does by indirect what it cannot do by direct legislation, and operates upon a subject which is put beyond its reach by the federal Constitution and the State of New York Constitution and the federal and state Rules and legislature statues, and acts itself.

8. On November 18, 2019, Robert Simon, Defendant-Appellant, filed Notice of Appeal upon the ground that the Southern District of New York, Order of Remand, is in violation of United States Supreme Court Constitution and United States Constitution of Congress and in violation of Federal and State legislative statutes and acts. The remand order was obtained fraudulently by Steven B. Sperber, Esq., corrupting United States District Court and Judge L. Stanton, and violating Supreme Court Constitution and Congress Constitution and in violation of Federal and State legislative statutes and acts and outside of Manhattan Mini Storage LLC Corporation Charter, by Laws, and upon fraud upon the court and upon

Article III, Section 2, cl. 1 and cl. 2, of the Constitution for the United States for America, federal and state legislature statutes, acts, and the Americans with Disabilities Act (ADA) and fraud upon the United States District Court Southern District of New York. Judge Louis L. Stanton, retained said remand order issued outside of the remand statute 28 U.S.C. Section 1447(c) and 28 U.S.C. Section 1447(d), with fully effective errors of laws and facts, and in violation of Federal Rule Civil Procedure, Rule 60(b)(3), and in violation of the Federal Rule of Evidences Rules.

9.  At no time or form, pro se, Robert Simon, Defendant Appellant, Demanded or Requested or moves for leave to proceed in forma pauperis, in the United States Court of Appeals for the Second Circuit. Per docket sheet, 9, dated 12/26/2018, "PAYMENT OF DOCKETING FEE, on behalf of Appellant Robert Simon, district court receipt # 465401225389, FILED. [2464113] [18-3491] [Entered: 12/28/2018 10:03 AM]." Robert Simon, Defendant-Appellant admitted in appearance before the county clerk and paid the required fee of on or about $505.00.

10. In Bulloch v. United States, 763 F.2d 1115 (1985), the court held, "It is beyond question that a federal court may investigate a question as to whether there was fraud in the procurement of a judgment. Universal Oil Products Co. v. Root Refining Co.,328 U.S. 575, 66 S.Ct. 1176, 90 L.Ed. 1447. This is to be done in adversary proceedings as in the case before us. See Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250; Sprague v. Ticonic National Bank, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184; and United States v. Throckmorton, 98 U.S. (8 Otto) 61, 25 L.Ed. 93.

11. Fraud on the court (other than fraud as to jurisdiction) is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury. It has been held that allegations of nondisclosure in pretrial discovery will not support an action for fraud on the court. H.K. Porter Co., Inc. v. Goodyear Tire & Rubber Co., 536 F.2d 1115 (6th Cir.). It is thus fraud where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his

5

judicial function — thus where the impartial functions of the court have been directly corrupted."

12. The basic decisions of the Supreme Court are Throckmorton, Hazel-Atlas, and Universal Oil Products, cited above. These cases considered the basic issues raised in cases to set aside judgments and demonstrate with Marshall v. Holmes, 141 U.S. 589, 12 S.Ct. 62, 35 L.Ed. 870, the nature of the fraud and the proof required for relief as set out in the preceding paragraph."

13. "A judge is an officer of the court, as well as are all attorneys. A state judge is a state judicial officer, paid by the State to act impartially and lawfully. A federal judge is a federal judicial officer, paid by the federal government to act impartially and lawfully. State and federal attorneys fall into the same general category and must meet the same requirements. A judge is not the court. People v. Zajic, 88 Ill.App.3d 477, 410 N.E.2d 626 (1980).

14. "Fraud upon the court" occurs whenever any officer of the court commits fraud before a tribunal. A judge is not a court; he is under law an officer of the court, and he must not engage in any action to deceive the court. Trans Aero Inc. v. LaFuerga Area Boliviana, 24 F.3d 457 (2nd Cir. 1994); Bulloch v. United States, 763 F.2d 1115, 1121 (10th Cir. 1985) (fraud upon the court exists "where the judge has not performed his judicial duties").

15. Whenever any officer of the court commits fraud during a proceeding in the court, he/she is engaged in "fraud upon the court". In Bulloch v. United States, 763 F.2d 1115, 1121 (10th Cir.1985), the court stated "Fraud upon the court is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury. … It is where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function --- thus where the impartial functions of the court have been directly corrupted."

16. "Fraud upon the court" has been defined by the 7th Circuit Court of Appeals to "embrace that species of fraud which does, or attempts to, defile the court itself, or is a fraud

6

perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." Kenner v. C.I.R., 387 F.3d 689 (1968); 7 Moore's Federal Practice, 2d ed., p. 512, ¶ 60.23. The 7th Circuit further stated "a decision produced by fraud upon the court is not in essence a decision at all, and never becomes final."

17. What effect does an act of "fraud upon the court" have upon the court proceeding? "Fraud upon the court" makes void the orders and judgments of that court. The U.S. Supreme Court has consistently held that a void order is void at all times, does not have to be reversed or vacated by a judge, can not be made valid by any judge, nor does it gain validity by the passage of time. The order is void ab initio.

18. Vallely v. Northern Fire & Marine Ins. Co., 254 U.S. 348, 41 S.Ct. 116 (1920). "Fraud destroys the validity of everything into which it enters," Nudd v. Burrows (1875), 91 US 426, 23 Led 286, 290; particularly when "a judge himself is a party to the fraud," Cone v. Harris (Okl. 1924), 230 P. 721, 723. Windsor v. McVeigh (1876), 93 US 276, 23 Led 914, 918.

19. For these reasons, the pro se defendant-Appellant respectfully requests that the Court allow this 90-day extension motion.

20. The extension of time requested will not cause any prejudice *to Plaintiff. Appellee.* WHEREFORE, for the foregoing reasons, your deponent respectfully prays for an Order granting the Pro se defendant-Appellant 90-day extension to file petition for panel reconsideration to reinstate appeal and or/ for panel reconsideration to reinstate appeal en banc and or/ panel rehearing and/or rehearing *en banc,* until September 02, 2019.

I affirm under penalties of perjury that the foregoing is true and correct, pursuant to 28 U.S.C. § 1746.

Dated: New York, New York
June 04, 2019

_____

Robert Simon, pro se, Defendant-Appellant
1280 East Fifth Avenue, Apartment 8D
New York, N.Y 10029
1-646-750-325

7

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

- - - - - - - - - - - - - - - - - - - - -X

MANHATTAN MINI STORAGE LLC,

               *Plaintiff-Appellee,*

     -v-

Robert Simon,

               *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - -X

                                **AMENDED**
                     **CERIFICATE OF SERVICE**
               OF MOTION TO EXTEND
             TIME TO FILE PETITION FOR
        PANEL RECONSIDERATION TO
     REINSTATE APPEAL AND/OR
              RECONSIDERATION TO
     REINSTATE APPEAL EN BANC
     AND/OR PANEL REHEARING
  AND/OR REHEARING EN BANC

STATE OF NEW YORK     )
                       ) :ss
COUNTY OF NEW YORK  )

            **AMENDED**
      **CERIFICATE OF SERVICE**

Robert Simon, hereby certifies that:

On June 04, 2019, I caused a copy of Robert Simon, pro se, Defendant-Appellant Motion for Extension of Time to File petition for panel rehearing or petition for panel reconsideration to reinstate appeal and or/ for panel reconsideration to reinstate appeal en banc and or/ panel rehearing and/or rehearing *en banc*, in the case of *Manhattan Mini Storage LLC v. Robert Simon*, Docket No. 18-3491, to be served to the name herein below; by causing same to be placed in the United States mail, postage prepaid, and addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

To: Marc I. Kunkin,
Direct: 212-669-0630
[COR LK NTC Retained]
Hill Rivkins LLP
Suite 1500
45 Broadway
New York, NY 10006

To: Sperber Denenberg & Kahan, PC
Direct: 516-476-7030
[COR NTC Retained]
16 Floor
48 West 37 Street
New York, NY 10018

Dated: New York, New York
June 04, 2019

                               Pro Se Defendant Robert Simon Appellant
                               1280 East 5 Avenue, Apt. 8D
                               New York, New York 10029
                               1-646-750-3254

1

Exhibit #9

18-3491 Manhattan Mini Storage LLC v. Simon

**General Docket**
**Court of Appeals, 2nd Circuit**

| | |
|---|---|
| **Court of Appeals Docket #:** 18–3491 | **Docketed:** 11/20/2018 |
| **Nature of Suit:** 3440 CIVIL RIGHTS–Other | **Termed:** 05/23/2019 |
| Manhattan Mini Storage LLC v. Simon | |
| **Appeal From:** SDNY (NEW YORK CITY) | |
| **Fee Status:** Paid | |

**Case Type Information:**
1) Civil
2) Private
3) –

**Originating Court Information:**
**District:** 0208–1 : 18–cv–6027
**Trial Judge:** Louis L. Stanton, U.S. District Judge
**Date Filed:** 07/02/2018
**Date Order/Judgment:**          **Date NOA Filed:**
10/22/2018                        11/18/2018

**Prior Cases:**
   None

**Current Cases:**
   None

**Panel Assignment:**     Not available

Docket as of 05/29/2019 03:34:42 PM                    page 1 of 5

18-3491 Manhattan Mini Storage LLC v. Simon

Manhattan Mini Storage LLC
Plaintiff – Appellee

Marc I. Kunkin, –
Direct: 212–669–0630
[COR LD NTC Retained]
Hill Rivkins LLP
Suite 1500
45 Broadway
New York, NY 10006

Jacqueline Handel–Harbour, Esq., –
**Terminated:** 02/12/2019
Direct: 516–476–7030
[COR NTC Retained]
Sperber Denenberg & Kahan, PC
16th Floor
48 West 37th Street
New York, NY 10018

Robert Simon
Defendant – Appellant

Robert Simon, –
Direct: 646–750–3254
[NTC Pro Se]
1280 5 Avenue Apt 8D
New York, NY 10029

18–3491 Manhattan Mini Storage LLC v. Simon

Manhattan Mini Storage LLC,

Plaintiff – Appellee,

v.

Robert Simon,

Defendant – Appellant.

18-3491 Manhattan Mini Storage LLC v. Simon

| Date | No. | Description |
|---|---|---|
| 11/20/2018 | 1 | NOTICE OF CIVIL APPEAL, with district court docket, on behalf of Appellant Robert Simon, copy to pro se appellant, FILED. [2440069] [18–3491] [Entered: 11/21/2018 01:54 PM] |
| 11/20/2018 | 2 | DISTRICT COURT ORDER, dated 10/22/2018, RECEIVED.[2440074] [18–3491] [Entered: 11/21/2018 01:58 PM] |
| 11/20/2018 | 3 | ELECTRONIC INDEX, in lieu of record, FILED.[2440077] [18–3491] [Entered: 11/21/2018 01:58 PM] |
| 11/20/2018 | 4 | INSTRUCTIONAL FORMS, to Pro Se litigant, SENT. [2440081] [18–3491] [Entered: 11/21/2018 02:00 PM] |
| 12/06/2018 | 5 | ORDER, dated 12/06/2018, dismissing appeal by 12/27/2018, unless Appellant Robert Simon, submits fee or moves for in forma pauperis, copy to pro se appellant, FILED.[2449297] [18–3491] [Entered: 12/06/2018 11:00 AM] |
| 12/06/2018 | 6 | ORDER, dated 12/06/2018, dismissing appeal by 12/27/2018, unless Appellant Robert Simon, submits form D-P, copy to pro se appellant, FILED.[2449326] [18–3491] [Entered: 12/06/2018 11:13 AM] |
| 12/06/2018 | 7 | ORDER, dated 12/06/2018, dismissing appeal by 12/27/2018 unless Appellant Robert Simon, submits Acknowledgment and Notice of Appearance form, copy to pro se appellant, FILED.[2449341] [18–3491] [Entered: 12/06/2018 11:20 AM] |
| 12/06/2018 | 8 | NOTICE, to Appellee Manhattan Mini Storage LLC., for failure to file an appearance, SENT.[2449356] [18–3491] [Entered: 12/06/2018 11:26 AM] |
| 12/26/2018 | 9 | PAYMENT OF DOCKETING FEE, on behalf of Appellant Robert Simon, district court receipt # 46540122589, FILED.[2461133] [18–3491] [Entered: 12/28/2018 10:03 AM] |
| 01/10/2019 | 17 | ACKNOWLEDGMENT AND NOTICE OF APPEARANCE FORM, on behalf of Appellant Robert Simon, FILED. Service date 01/09/2019 by US mail.[2472804] [18–3491] [Entered: 01/11/2019 08:21 AM] |
| 01/10/2019 | 18 | FORM D-P, on behalf of Appellant Robert Simon, FILED. Service date 01/09/2019 by US mail.[2472805] [18–3491] [Entered: 01/11/2019 08:22 AM] |
| 02/12/2019 | 19 | NOTICE OF APPEARANCE AS SUBSTITUTE COUNSEL, on behalf of Appellee Manhattan Mini Storage LLC, FILED. Service date 02/12/2019 by CM/ECF, email. [24950516] [18–3491] [Entered: 02/12/2019 12:45 PM] |
| 02/12/2019 | 20 | DEFECTIVE DOCUMENT: NOTICE OF APPEARANCE AS SUBSTITUTE COUNSEL, [19], on behalf of Appellee Manhattan Mini Storage LLC. FILED.[24950501 [18–3491] [Entered: 02/12/2019 01:16 PM] |
| 02/12/2019 | 21 | NOTICE OF APPEARANCE AS SUBSTITUTE COUNSEL, on behalf of Appellee Manhattan Mini Storage LLC, FILED. Service date 02/12/2019 by CM/ECF, email. [24950891 [18–3491] [Entered: 02/12/2019 01:41 PM] |
| 02/12/2019 | 22 | CURED DEFECTIVE DOCUMENT: NOTICE OF APPEARANCE AS SUBSTITUTE COUNSEL, [20], [21], on behalf of Appellee Manhattan Mini Storage LLC, FILED.[24951991 [18–3491] [Entered: 02/12/2019 02:54 PM] |
| 02/12/2019 | 23 | ATTORNEY, Marc Kunkin, [21], in place of attorney Jacqueline Handel--Harbour, SUBSTITUTED.[24952001 [18–3491] [Entered: 02/12/2019 02:56 PM] |
| 02/12/2019 | 24 | LETTER, dated 02/12/2019, on behalf of Appellee Manhattan Mini Storage LLC, informing the Court that Atty. Jaqueline Handel--Harbour will no longer be counsel of record, RECEIVED. Service date 02/12/2019 by email.[24992491 [18–3491] [Entered: 02/19/2019 01:21 PM] |

Docket as of 05/29/2019 03:34:42 PM    page 4 of 5

18-3491 Manhattan Mini Storage LLC v. Simon

| Date | No. | Entry |
|---|---|---|
| 05/22/2019 | 33 | NEW CASE MANAGER, Ronald Willoughby, ASSIGNED.[2570019] [18-3491] [Entered: 05/22/2019 10:49 AM] |
| 05/23/2019 | 36 | NEW CASE MANAGER, Yenni Liu, ASSIGNED.[2571039] [18-3491] [Entered: 05/23/2019 10:22 AM] |
| 05/23/2019 | 37 | ORDER, dated 05/23/2019, dismissing the appeal sua sponte, by DC, SLC, SANNES, copy sent to pro se appellant, FILED.[2571047] [18-3491] [Entered: 05/23/2019 10:26 AM] |
| 05/23/2019 | 38 | APPEAL, pursuant to court order, dated 05/23/2019, DISMISSED.[2571053] [18-3491] [Entered: 05/23/2019 10:29 AM] |
| 05/28/2019 | 39 | NEW CASE MANAGER, Yenni Liu, ASSIGNED.[2572666] [18-3491] [Entered: 05/28/2019 08:44 AM] |

Exhibit "10"

SDNY CM/ECF Version 6.2.2

30/60,ECF,PRO-SE,SUA-SPONTE

# U.S. District Court
## Southern District of New York (Foley Square)
### CIVIL DOCKET FOR CASE #: 1:18-cv-06027-LLS

Manhattan Mini Storage LLC v. Simon
Assigned to: Judge Louis L. Stanton
Case in other court: Civil Court New York, 056730-18/NY
Cause: 28:1446nr Notice of Removal

Date Filed: 07/02/2018
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Manhattan Mini Storage LLC**

represented by **Jacqueline M. Handel**
Sperber Denneberg & Kahan, P.C.,
48 West 37th Street, 16th Flr.
New York, NY 10018
(917)-351-1335
Fax: (917)-351-1303
Email: jhharbour@sdkpc.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Robert Simon**

represented by **Robert Simon**
1280 East
Apt. 8D
New York, NY 10029
646 750 3254
PRO SE

| Date Filed | # | Docket Text |
|---|---|---|
| 07/02/2018 | 1 | NOTICE OF REMOVAL from Civil Court, County of New York. Case Number: 056730-18/NY. Document filed by Robert Simon. (Attachments: # 1 Exhibit, # 2 Exhibit)(rdz) (Entered: 07/03/2018) |
| 07/02/2018 | | Case Designated ECF. (rdz) (Entered: 07/03/2018) |
| 07/02/2018 | 2 | NOTICE of Filing of Notice of Removal. Document filed by Robert Simon. (rdz) (Entered: 07/03/2018) |
| 07/09/2018 | 3 | ORDER DIRECTING PAYMENT OF FEE OR IFP APPLICATION: The Clerk of Court is directed to assign this matter to my docket, mail a copy of this Order to Defendant, and note service on the docket. Defendant is directed to render payment of the filing fee or submit an IFP application to this Court's *Pro Se* Office within thirty (30) days of the date of this Order. The Court certifies, pursuant to 28 U.S.C. § |

10/1/2018, 3:01 PM

| Date | Doc | Description |
|---|---|---|
| | | 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). Filing Fee due by 8/8/2018. In Forma Pauperis (IFP) Application due by 8/8/2018. (Signed by Judge Colleen McMahon on 7/9/2018) (Attachments: # 1 IFP application)(ees) (Entered: 07/09/2018) |
| 07/09/2018 | | Transmission to Docket Assistant Clerk. Transmitted re: 3 Order Directing Payment of Fee or IFP Application to the Docket Assistant Clerk for case processing. (ees) (Entered: 07/09/2018) |
| 07/10/2018 | | NOTICE OF CASE REASSIGNMENT - SUA SPONTE to Judge Colleen McMahon. Judge Unassigned is no longer assigned to the case. (wb) (Entered: 07/10/2018) |
| 07/10/2018 | | Mailed a copy of 3 Order Directing Payment of Fee or IFP Application, to Robert Simon 1280 East Apt. 8D New York, NY 10029. (vba) (Entered: 07/10/2018) |
| 07/12/2018 | 4 | NOTICE OF APPEARANCE by Jacqueline M. Handel on behalf of Manhattan Mini Storage LLC. (Attachments: # 1 Affidavit Affidavit of service)(Handel, Jacqueline) (Entered: 07/12/2018) |
| 08/07/2018 | 5 | APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS. Document filed by Robert Simon.(sc) (Main Document 5 replaced on 8/8/2018) (sc). (Entered: 08/08/2018) |
| 08/07/2018 | 6 | REPLY AFFIDAVIT of Robert Simon TO STEVEN B. SPERBER, ESQ. LETTER. Document filed by Robert Simon. (sc) (Entered: 08/08/2018) |
| 08/08/2018 | 7 | ORDER DIRECTING PAYMENT OF FEE OR AMENDED IFP APPLICATION: The Clerk of Court is directed to mail a copy of this Order to Defendant Robert Simon and note service on the docket. Defendant is directed to render payment of the filing fee or submit an amended IFP application to this Court's *Pro Se* Office within thirty (30) days of the date of this Order. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). Filing Fee due by 9/7/2018. In Forma Pauperis (IFP) Application due by 9/7/2018. (Signed by Judge Colleen McMahon on 8/8/2018) (Attachments: # 1 amended IFP application)(ees) (Entered: 08/08/2018) |
| 08/08/2018 | | Transmission to Docket Assistant Clerk. Transmitted re: 7 Order Directing Payment of Fee or Amended IFP Application to the Docket Assistant Clerk for case processing. (ees) (Entered: 08/08/2018) |
| 08/08/2018 | | Mailed a copy of 7 Order Directing Payment of Fee or IFP Application, to Jacqueline M. Handel Sperber Denneberg & Kahan, P.C., 48 West 37th Street, 16th Flr. New York, NY 10018. (vba) (Entered: 08/08/2018) |
| 09/07/2018 | | Pro Se Payment of Fee Processed: $400.00 Cash processed by the Finance Department on 9/7/2018, Receipt Number 465401217657. (vf) (Entered: 09/07/2018) |

SDNY CM/ECF Version 6.2.2

09/19/2018 | NOTICE OF CASE REASSIGNMENT - SUA SPONTE to Judge Louis L. Stanton. Judge Colleen McMahon is no longer assigned to the case. (jc) (Entered: 09/19/2018)

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 10/01/2018 15:00:22 | | |
| **PACER Login:** | lus5070:2654438:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:18-cv-06027-LLS |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

Robert Simon
1280 E 5 Ave Apt 8D
New York, N.Y. 10029

RECEIVED
SDNY PRO SE OFFICE
2019 JUN 24  AM 10: 18
S.D. OF N.Y.

U.S. District Court
Southern District of
New York, New York
10007
Att Pro-se Clerk

USM 5W
SDNY